CHARLES A. SARGENT, Plaintiff in Error, *v.* ORLANDO B. HOWE, DAVID B. MORGAN, and GEORGE W. SEAMAN, Defendants in Error.

ERROR TO ST. CLAIR.

Where A. executed three notes in favor of B., and conveyed property to C. in trust to secure their payment, and B. assigned two of the notes to D.: Held, that the assignment carried with it, as an incident of the debt, the security, and that D. succeeded to all the rights of the assignor under the trust deed.

In case of non-payment of the notes assigned at maturity, the assignee had a right to call on the trustee to sell all, or so much of the trust property, as would be necessary for their payment.

A court of equity might in such case, under the general prayer for relief, compel a trustee to sell the trust property, and apply the proceeds towards paying the debt secured; or, if he is proved to be an improper person to act, might remove him, and appoint a suitable person to execute the trust.

COMPLAINANT, who is plaintiff in error, filed his bill in chancery in the St. Clair Circuit Court, alleging that Howe executed to Morgan three notes, two for $500.00 each, and one for $1000.00, payable, the first in nine, the second in fifteen, and the third in twenty-four months, from date, and dated March 28th, 1857, together with a deed of trust to Seaman, in the usual form, to secure the payment of the notes, with power to sell in case either note was not paid—that Seaman accepted the trust —that Howe is insolvent—that the first two notes were assigned by Morgan to complainant—that Seaman, though notified in writing of the assignment, and required to sell, refuses so to do, and is in conspiracy with Morgan to defraud complainant. Prayer, that another trustee be appointed, and for general relief.

Defendants filed a general demurrer to the bill, which was sustained, and the bill dismissed.

To this the complainant excepted, and brings the case to this court by writ of error—assigning for errors:

1st. That the court below erred in sustaining the demurrer to the bill.

2nd. The court below erred in not rendering a decree in behalf of the complainant.

W. H. AND J. B. UNDERWOOD, for Plaintiff in Error.

MEYER & FRENCH, for Defendants in Error.

WALKER, J. The bill in this case alleges that Howe executed to Morgan, his three several promissory notes, the first for $500, due in nine months, the second for $500, due in fifteen

months, and the third for $1000, due in twenty-four months, and each dated on the 28th day of March, 1857; and on the same date, for the purpose of securing the payment of the same, conveyed certain real estate to Seaman, as a trustee, with power to sell if either note should not be paid at maturity, by giving notice, etc. The bill also alleges that Morgan assigned the two notes first falling due to complainant, and that they had matured, and remain unpaid; that Howe is insolvent, and Seaman and Morgan have combined to defraud complainant, and that Seaman, after being notified and requested to make sale of the trust property, fails and refuses. To this bill defendants filed a demurrer, which the court sustained, and dismissed the bill. To reverse that decree, the plaintiff prosecutes this writ of error.

A court of equity has jurisdiction of trusts and trustees; and rather than a trust shall fail from death or the disability of a trustee to act, or when he is not a proper person to execute the trust, will appoint a suitable trustee. And a court of equity, in case of neglect or refusal of a trustee to perform the duties devolving upon him under the trust, will, upon a proper application, compel him to execute it. Such a jurisdiction is peculiar to a court of equity, and doubtless originated from the necessity of preventing fraud and injustice. When confidence has been reposed in the trustee, and he has undertaken to perform the trust, it would be manifestly unjust, to permit him to deprive the parties in interest of all benefit in the trust fund. If the trustee, after receiving title to property in trust, as a pledge for the payment of the debt of a third party, might refuse to apply it according to the terms of the trust deed, and the court were not to afford relief, it would be to tolerate gross injustice. But such is not the law.

Then what were the rights of complainant in this case? It is the well established doctrine, that the debt is the principal thing, and that a mortgage or pledge to secure its payment is only an incident; and that the assignment of the debt, also passes the mortgage or pledge without being referred to in the assignment. The mortgage or pledge being only an incident of the debt, and annexed to it, passes with it. And the assignee of the debt, takes the security by the assignment, in the same condition, and to the extent it was held by the payee, at the time of the assignment, as a security for the debt assigned, and succeeds under it, to all the rights of the assignor. And a satisfaction of the debt releases the mortgage or pledge. This deed of trust was given to secure these notes, and is in that respect the same as a mortgage, and only differs from a mortgage with a power of sale, in its being executed to a third per-

son instead of the creditor. They are both intended to, and do secure the debt. When the payee assigned these notes to complainant, the lien he held on this property to secure their payment, passed with them, to complainant by the assignment. And he succeeded to the equitable rights of the assignor in the trust property, to the same extent that he held it as a security, for the payment of the notes assigned.

There can be no question of the right of the payee or assignee, to foreclose a mortgage given to secure the payment of several sums, falling due at different times, when default shall be made in payment of those first maturing. And as the complainant by the assignment of these notes, has succeeded to all the rights which the payee held under them, it follows that he has a right, upon the maturity of these notes, and a default in their payment, to insist upon a sale of all or so much of the trust property, as may be necessary for their payment. Having this right, neither the trustee or Morgan has any right to prevent its sale, and delay the complainant in collecting his money. The bill alleges that the maker of the notes is insolvent, and the demurrer admits the truth of the bill, and if he is insolvent, the creditor has strong claims to be permitted at once to collect his debt out of this trust fund.

If it is true that the trustee has combined with Morgan to defraud complainant, upon that fact being established, he should be removed, and a proper person appointed to execute the trust. But if on the contrary, he is not guilty of the combination to defraud complainant, and is in other respects a suitable person to act, then he should not be removed. If the allegations of the bill are true, the trust property, or so much of it as may be necessary, should be sold, and the money applied in payment of these notes. Under the general prayer for relief, the court has power to compel the trustee to proceed and sell the property, in the manner, and on the terms provided in the deed, and to apply the proceeds in satisfaction of the debts secured by the fund; and the court, under the general prayer for relief, if the proof on the hearing should require it, might remove the trustee, and appoint a suitable person to execute the trust.

The decree of the Circuit Court is reversed, and the cause remanded, with leave to defendants to answer the bill.

*Judgment reversed.*