LYMAN vs. SMITH, impleaded with JENKINS and others.

*Mortgage foreclosure—Holder of first note preferred to holder of second, both being due.*

1. The right of the assignee of a note first due to a preference over the holder of another secured by the same mortgage, attaches, in the absence of any counter-vailing equity, from the time of the assignment of the first note.
2. Such prior right cannot be divested by the failure of the assignee of the first note to commence his action to foreclose before the maturity of the second.

APPEAL from the Circuit Court for *Sheboygan* County.

Foreclosure of a mortgage. On the 21st of September, 1858, the defendant *Jenkins* executed two promissory notes, one for $90, payable one year from date, and the other for $100, payable two years from date, both bearing interest, and secured by a mortgage to the payee of the same date. The mortgagee subsequently transferred the first note to the plaintiff, with a corresponding interest in the mortgage; and afterwards transferred the second note to the defendant *Smith*, with a corresponding interest in the mortgage, and delivered the mortgage to him. This action was brought in 1866 to foreclose the mortgage and have the premises sold, and the proceeds applied to pay the amount due on the first note, the amount named in the mortgage as payable for solicitor's fees, and the costs of the action. The defendant *Smith*, by his answer, demands that the foreclosure may be decreed and the premises sold for the joint benefit of the plaintiff and himself; and that the proceeds of the sale may be disposed of as follows: 1. That the disbursements of the plaintiff and said defendant, in this action, be paid in full. 2. That the amount of the attorney's and solicitor's fees to be recovered be equitably divided between the plaintiff and said defendant. 3. That the amounts due both on said notes be paid in full, if the proceeds be sufficient for that purpose; and otherwise that an equal per centage of both be paid.

The circuit court held that the plaintiff was entitled to have the proceeds of the sale applied first as demanded in the complaint, and rendered judgment accordingly; from which *Smith* appealed.

*J. A. Bentley*, for appellant, contended that at the commencement of this action, both notes being past due, the claims of the appellant and the respondent stood upon the same footing in law and equity. *Waterman v. Hunt*, 5 R. I., 298; *Johnson v. Candage*, 31 Me., 28; *Bank of England v. Tarleton*, 23 Miss., 173; *Lewis v. DeForest*, 2 Conn., 427; *Donley v. Hays*, 17 Serg. & R., 400; *Perry's Appeal*, 22 Pa. St., 43; *Pugh v. Holt*, 27 Miss., 461; *Righter v. Stall*, 3 Sandf. Ch., 608. All the analogies drawn from the doctrines applicable to the appropriation of payments support the respondent's claim for a *pro rata* distribution. *Stone v. Seymour*, 15 Wend., 19, and cases there cited.

*J. H. Jones*, contra, cited *Wood v. Trask*, 7 Wis., 566; *Marine Bank v. Int. Bank*, 9 id., 57; *Mitchell v. Ladew*, 36 Mo., 526; *State Bank v. Tweedy*, 8 Blackf., 447; *McVay v. Bloodgood*, 9 Porter (Ala.), 547; *Wilson v. Hayward*, 6 Fla., 171; *Larrabee v. Lumbert*, 32 Me., 97.

DIXON, C. J. The right of the assignee of the note first due to a preference over the holder of a second or other note secured by the same mortgage falling due subsequently, attaches, in the absence of any countervailing equity, from the time of the assignment of the first note. Such, in effect, were the decisions of this court in *Wood and Moon v. Trask*, and *Marine Bank v. International Bank*, 7 Wis., 566, and 9 Wis., 57, by which this case must be governed. The respondent, who took the first note by assignment from the mortgagee before the mortgagee transferred the other note to the appellant, delayed to prosecute his action to foreclose until after the other became due. It is contended, because the action was not commenced

until after the maturity of the second note, that the respondent lost his right to be preferred, and that the proceeds of the sale and expenses of the action must be divided *pro rata.* We are of quite the contrary opinion. It is very obvious that the right of preference, which is in the nature of a vested right or prior lien, cannot be divested in this way. No such principle is to be found in the books.

*By the Court.*—Judgment affirmed.