PIERCE vs. SHAW and others.

*January .17 — February 8, 1881.*

NOTES AND MORTGAGE. *Rights of several holders of notes secured by one mortgage.*

While it is the settled law of this state, that, in case of a mortgage given to secure several notes falling due *at different times,* the proceeds of a foreclosure sale are to be applied to the payment of the notes *in the order of their maturity,* yet where, by the terms of the instruments, any default in payment renders the whole mortgage debt absolutely due at once, the several holders are entitled to have the proceeds of the foreclosure sale applied *pro rata* to the payment of their several notes secured by the mortgage. *Marine Bank v. International Bank,* 9 Wis., 57, distinguished.

APPEAL from the Circuit Court for *Vernon* County.

Foreclosure of a mortgage. The case is thus stated by Mr. Justice ORTON:

" The defendant *Betsey Shaw,* on the first day of October, 1875, gave to the plaintiff her three promissory notes, each for the sum of $306, payable respectively in one, two and three years from date, with ten per cent. interest, payable annually; and at the same time she gave her promissory note to one William B. Kendall for the sum of $382, payable four years from date, with ten per cent. interest, payable annually; and

the defendant *Sylvanus S. Shepard* became the owner of this last note. All of said notes had the same condition, that 'a failure to pay any of said interest within —— days after due shall cause the whole note to become due and payable at once.' On the same day the said defendant, *Betsey Shaw,* gave the mortgage to foreclose which this suit is brought, to secure alike these four notes; and in said mortgage there was a like condition, that 'a failure to pay any of said interest or taxes, when due, shall cause this mortgage to become due at once, and it may thereupon be foreclosed immediately.'

"No interest having been paid on any of these four notes, the plaintiff, on the 26th of September, 1878, commenced this suit to foreclose said mortgage for the entire sum of his three notes, principal and interest, as having become due and payable under said condition, and made the said *Sylvanus S. Shepard* one of the defendants, as one claiming an interest in the mortgaged premises. The said defendant answered, setting up his said note, and alleging a like failure by the said *Betsey Shaw* to pay the interest thereon, and praying a like foreclosure of the mortgage for his own benefit, and that he might share *pro rata* or proportionately with the plaintiff in the proceeds of said mortgage security. The judgment of foreclosure adjudges and orders that the proceeds of the sale of the mortgaged premises be first applied to the payment of the whole sum found due to the plaintiff, and of his costs and disbursements and attorney's fee, and that then the overplus, if any, be applied upon the amount found to be due to the said defendant *Shepard.*"

For the appellant there was a brief by *Proctor & Harris,* his attorneys, with *E. A. & J. O. Hayes,* of counsel, and oral argument by *E. A. Hayes.*

For the respondent there was a brief by *C. M. Butt* and *J. H. Carpenter,* and oral argument by *Mr. Carpenter.*

ORTON, J. The only question is, whether there was a correct application of the mortgage moneys by the judgment.

The general rule, and the one which has been recognized by several decisions of this court, is, that where a mortgage is given to secure several notes or installments belonging to different persons, the proceeds of the mortgage should be applied first to the payment of the notes or installments first falling due, and so in their order according to the time of their maturity.   This rule seems to be supported on the ground that the several holders of such notes or installments are separate and distinct mortgagees, and that they are *subsequent* mortgagees whose notes or installments subsequently fall due, and respectively in such order; and that the contract itself clearly indicates  the intention that such should be the order of payment, upon the maxim, *prior in tempore potior in jure.*   *Wood v. Trask,* 7 Wis., 566; *Marine Bank v. International Bank,* 9 Wis., 57; *Lyman v. Smith,* 21 Wis., 674.   The authorities elsewhere, as stated by the present chief justice in his opinion in the above case of *The Bank v. The Bank,* are in considerable conflict, even upon this question; but such must now be considered the settled law upon the subject in this state.

On the precise question raised in this case, but few cases can be found in point.   The above rule rests entirely upon the priority of the time when the several notes or installments become due.   In this case, all of the several notes, by the terms of the contract, are to become due at the same time, on the failure to pay interest, although, by other terms, expressed as well in the contract, they are to become due at different times.   It may be proper to say that the notes are to become due at different times, and they are also to become due at the same time, according to the contract, because the failure to pay interest makes them due at the same time, and not at different times. But after that contingency has happened, when they all become due at once, it is not then proper to say that they become due at different times according to the contract.   The happening of this contingency cancels, expunges, and makes nugatory the stipulations of the contract as to the several times at which

the notes become due in their order, and fixes the time of payment absolutely as the time when such contingency (the failure to pay the interest) occurred. In other words, after default in the payment of interest, there is but *one* time of payment in all or any of the notes, and that is "at once."

This being so, the general rule as to priority of right depending upon priority of time does not prevail, either as being in the contract and so intended, or within any rule of equity. But, without further discussion, we think this court has, in principle, decided the question. In *U. S. Bank v. Covert*, 13 Ohio, 240, the precise question is decided, and it is held that upon a failure to pay a certain smaller note a larger note became due also, according to a condition in the mortgage, and that therefore " both the note then payable and the larger note became due together, and both should be satisfied by the sale." In this case it was held, also, that, without this condition, the general rule would prevail. In *Marine Bank v. International Bank, supra*, it was optional with the payee to elect that all of the notes should become due on failure to make payment, and his duty to notify the other party of such election; and no such election had been made or notice given; and it was therefore held that the proceeds of the mortgaged premises should be applied according to the general rule. But it is strongly intimated, if not directly decided, in that case, that if the election had been made complete, and all of the notes had thus become due at the same time, the proceeds would have been applied *pro rata* upon all of the notes; and in that case, the case above cited, in 13 Ohio, was directly approved as containing the true rule when upon a condition all of several notes should become due at the same time. The present chief justice stated in his opinion in that case: " In the case in 13 Ohio, the condition of the mortgage was that the $1,800 note was to become due absolutely upon a failure to pay the smaller one. It was not necessary for the mortgagee or his assigns to exercise any election and give notice thereof to the mortgagor. The

court, *therefore, might well hold that both notes became due at the same instant.* But, though we *adopt and approve the doctrine of that case,* it will be observed that in its facts and circumstances it was dissimilar to the one at bar."

In *Church v. Smith,* 39 Wis., 492, the same principle is recognized, and it was held in effect that the owner of the first note given for the purchase money of the land, on strict foreclosure of the land contract by the owner of the other notes which fell due subsequently, by reason of default in the payments, was entitled only to a proportionate and *pro rata* share in the land, and had no priority of right over the owner of the other notes.

After these two decisions of the question, it can scarcely be considered an open one; but on further discussion we are confirmed in the opinion that this is the true principle in such cases, and supported by the better reason. In Missouri, and perhaps in some other states, it has been otherwise decided, and although we have a very high respect for the decisions of the Missouri supreme court, we must adhere to our former decision of the question.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to the circuit court to conform the judgment to this opinion.