## No. 8147.

ABNEY & CO. VS. WM. E. WALMSLEY. WM. BOLAND, THIRD OPPONENT.

The owner of concurrent mortgage notes, who has assigned some of them for value, has no right to compete with his transferree in the proceeds of the mortgaged property, if they are not sufficient to satisfy the claims of both. This is well established in our jurisprudence.

The fact that, in endorsing and transferring the notes, he stipulated he was not liable for the same, makes no exception to the rule.

The principle is equally binding upon him, if he made a gratuitous donation of the notes to a person, who afterwards assigned them for value.

APPEAL from the Tenth Judicial District Court, parish of Red River. Logan, J.

J. F. Pierson, M. S. Jones and Alexander & Blanchard for Plaintiffs and Appellants:

First—A contract, or agreement, cannot be enforced by a third opposition. An agreement to divide the proceeds of a sale will not support a third opposition, which can exist only upon

the issues designated in C. P. 396. 3 La. 495; 1 R. 41; 8 R. 14; 12 An. 341; 3 An. 454; 29 An. 274; 23 An. 245; 22 An. 135; 27 An. 560; 2 An. 684; 5 An. 756; 10 An. 238; 26 An. 260; 21 An. 263, 500.

Second—The transferrer of one of a series of mortgage notes, secured by the same mortgage, cannot be permitted to come in competition with his assignee in the enforcement of the note so transferred, nor to pro rate the proceeds of the sale with said assignee, when the mortgaged property is insufficient to pay both. 2 R. 243; 30 An. 618.

Third—A vendor always guarantees the genuineness of the paper he sells, or that anything else he offers is really what he pretends it to be; and his liability in this respect, if it can in any case be excluded, can be so only when expressed in the most positive manner. 10 R. 404; 29 An. 129; C. C. 2646.

*L. B. Watkins* for Third Opponent and Appellee.

The opinion of the Court was delivered by

POCHÉ, J. The main question involved in this case, is whether a mortgagee, who transfers part of the mortgage debt to another, with the express reservation that he shall not be held liable for the payment of the note transferred, can compete with his transferee or the assignee of the latter, for the proceeds of the mortgaged property, where the amount is not sufficient to satisfy both; and the present litigation is predicated upon the following facts, as shown by the record :

In July, 1870, J. W. Wray and Wm. Boland, joint owners of a plantation on Red River, sold the same to Walmsley for $7500, represented by his three promissory notes of $2500 each, maturing respectively in November, 1870, 1871, and 1872, and payable to the order of J. W. Wray or Wm. Boland, the vendors.

The note maturing in 1872, was subsequently transferred, without endorsement, by Boland to his daughter, Mrs. E. A. Carroll, who subsequently transferred it to plaintiffs; at which time it was endorsed by Boland, under the reservation mentioned above.

In due course of business it became the property of Lisso & Scheen, who afterwards made an assignment under the insolvent laws of the State to C. Chaffe, Jr., their syndic, the actual plaintiff in this case.

Walmsley having sold the plantation to V. A. Stewart and P. A. Hunter, Abney & Co. obtained by the hypothecary action judgment against the latter as third possessors, for the purpose of enforcing their mortgage, and in execution of that judgment the plantation was seized by the sheriff and sold for $2600 cash.

Pending the seizure, Wm. Boland, holder of the other two Walmsley notes, of $2500 each, filed a third opposition, in which he prayed for and obtained an order directing the sheriff to hold the proceeds of the sale subject to the final judgment in the case, and prayed for a *pro rata* distribution of the proceeds of the sale of the mortgaged property between himself and the plaintiffs.

In a supplemental petition he sets up a verbal contract between plaintiffs and the administrator of Walmsley's succession, in which it was agreed that at the sale of the mortgaged property, Boland, the third opponent, would participate *pro rata* with plaintiffs in the. proceeds of the sale.

The judgment of the lower court recognized the right of third opponent to participate *pro rata* with plaintiffs in the proceeds of the sale, and condemned the syndic and the sheriff *in solido* to pay to him his share of the funds realized by the sale, after deducting necessary costs.

In our opinion, this judgment is erroneous, and should be avoided. It is well established under our jurisprudence, that a mortgagee who transfers part of the mortgage debt to another, cannot compete with his transferee for the proceeds of the mortgaged property, where the amount is not sufficient to satisfy both. This principle is not only established by sound jurisprudence, but derives its sanction from reason and equity, which both repel the idea that a vendor of a claim, after receiving the price of it from his assignee, should be allowed by his own act to defeat the latter in his right of recovery.

Salzman vs. His Creditors, 2 R. 243.

Barkdull vs. Herwig and Smith, 30 An. 618.

Reine vs. Sack, 31 An. 859.

In this case, after deducting costs, the balance of the proceeds of the sale is $2400; and plaintiffs' note with interests, after deducting credits, amounts to $2200, and hence, under the decree of the lower court, the amount realized by plaintiffs as assignees, under their execution, would dwindle down to a trifling sum; and by excluding third opponent from any participation in the proceeds of the sale, their claim would be satisfied.

But third opponent urges that he is not affected by the rule quoted above, for three reasons:

1st. Because in his endorsement of the note, so as to vest ownership in Abney & Co., he expressly stipulated that he would not be held liable for the payment of the note.

Such a stipulation could and did have the effect of releasing him of any personal responsibility as endorser but no more. It could not and did not release him from his obligation as warrantor, C. C. 2646, and of itself it cannot place him beyond the reach of the rule applying to him as mortgagee selling to another a part of the mortgage debt.

2d. He urges that having made a donation of the note to his daughter, Mrs. Carroll, and having received no consideration from Abney & Co. for his endorsement, he occupies an exceptional position as transferrer.

The record is silent as to the consideration of the transfer to his daughter. But even if it were proved, as alleged, that it was a donation, his position would be equally untenable. The fact that the daughter in her transfer obtained valuable consideration from Abney & Co. is sufficient to shield the latter as assignees, as against Boland the original mortgagee. He could not be tolerated in donating such a claim to his daughter, to ensnare innocent third persons to give her credit on the strength of the claim thus transferred, and then attempt to defeat such assignees, holding under his title, in their right of recovery.

3d. He finally relies upon a special contract under which Abney & Co. agreed with the administrator of the Walmsley succession to his participating *pro rata* with them in the proceeds of the sale.

Plaintiffs objected to the introduction of any testimony in support of this alleged contract, on the grounds that a third opposition is allowed under our laws only when the third opponent claims to be the owner of the thing seized, or when he sets up a privilege on the proceeds of the thing seized and sold.

In this case third opponent did set up a privilege on the thing sold, and the proof of the alleged contract, being intended to show that his privilege was concurrent with that of plaintiffs, the evidence was properly admitted. T. C. Walmsley, the administrator, is the only witness who testifies to the existence of the alleged contract, and his statement is flatly contradicted by two other and disinterested witnesses, and is also rebutted by circumstances and transactions shown by the record.

A careful examination of the evidence on that point, satisfies us beyond a doubt that no such contract was ever entered into.

Our conclusion is, therefore, that third opponent has utterly failed to show any facts, agreement, or circumstances which should screen him from the operation of the rule which we have quoted above.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed, and adjudicating as the lower court should have done, we order, adjudge and decree that the proceeds of the property seized and sold in this case be applied by preference over all other creditors to the payment in capital and interest of the note transferred to Abney & Co., and now held by C. Chaffe, Jr., syndic of Lisso & Scheen, and that the balance, if any, of such proceeds be applied to the payment of third opponent's claim; and it is further ordered that all costs incurred by his third opposition, and the costs of this appeal be paid by third opponent.

Levy, J., recuses himself in this case.