# Parsons *v.* Martin.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Assignment of notes for purchase-money of land; priority of lien.* When two notes are given for the purchase-money of land, and the vendor assigns the one last falling due, retaining the first, the assigned note is entitled to the prior and superior lien: and this priority of lien passes to a sub-purchaser of the land, who acquires the assigned note as part of the consideration of his purchase.

Appeal from the Chancery Court of Coosa.

Heard before the Hon. S. K. McSpadden.

The bill in this case was filed on the 26th January, 1886, by C. H. Parsons, against E. R. Martin; and sought to enforce a vendor's lien on land. The land was sold and conveyed by complainant, on the 25th November, 1880, to Jacob Nelson, at the agreed price of $575; for which said Nelson executed his two promissory notes, each for $287.50, payable on the 25th November, 1881, and 1882, respectively; and each recited that it was given for the purchase-money of the land, describing it. On the 25th September, 1882, Parsons assigned the note last falling due to Thos. S. McDonald, the assignment being in these words: "I hereby transfer this note to Thos. S. McDonald, with the lien upon the lands specified in the face of the note for its payment." In February, 1883, Nelson sold and conveyed the land to Martin, the defendant in this suit, in payment and satisfaction of the note which had been assigned to McDonald, and which the defendant had procured by assignment for value,

in these words: "I hereby transfer this note to E. R. Martin, together with any powers or liens implied in the face of the note, or the nature of the transaction for which the note was given, but without any recourse on me." The defendant filed an answer to the bill, alleging that he had no notice of the note asserted by the complainant as a lien on the land, and claiming that, in any event, the note which he had paid, or procured by the transfer and purchase from McDonald, was a prior lien. The chancellor held, that the complainant was entitled to enforce a lien on the land, but that the assigned note had a prior lien; and he rendered a decree accordingly. The complainant appeals from this decree, and assigns as error the part thereof which declared the priority of lien in favor of the assigned note.

F. L. SMITH, for appellant.

WATTS & SON, *contra.*

SOMERVILLE, J.—The two notes executed to the complainant, Parsons, on November 25th, 1880, having been given by the vendee, Nelson, for the purchase-money of the land described in the bill, were unquestionably a lien on the land, in favor of the vendor.

The assignment of one of these notes to McDonald operated to create a priority of lien in his favor, to the extent of the note so assigned; which would be entitled to a preference of payment, as a charge on the land, over the other note retained by the complainant.—*Ala. Gold Life Ins. Co. v. Hall*, 58 Ala. 1; *White v. King*, 53 Ala. 162.

The defendant, Martin, having purchased the land from Nelson, and, as a part of the consideration of the purchase, having taken up the note in McDonald's hands, clearly was entitled to be subrogated to his rights as the holder of a prior lien, as against the complainant, Parsons.

There was no error in the decree of the chancellor, holding that the defendant had a prior lien, to the extent of the superior incumbrance which he had discharged by payment.

Affirmed.