McLEAN, Appellant, vs. HOEHLE and others, Respondents.

*January 12 — February 8, 1898.*

*Foreclosure of mortgages: Redemption by subsequent mortgagee.*

Secs. 3533, 3534, 3540, R. S. 1878, provide that the owner of lands sold on the foreclosure of a mortgage by advertisement may redeem therefrom, and that if redemption be not made the sale shall be completed by the making of a deed to the purchaser, his assigns or personal representatives, and also provide that if the owner

fails to redeem, any subsequent mortgagee may do so and will thereby become entitled to a deed completing such sale. *Held,* that the *bona fide* holder of a mortgage, though given after the foreclosure sale, who redeems therefrom, is entitled to a deed to complete the sale, which deed will vest in the grantee all the title of the mortgagor at the time of the making of the first mortgage, and cut off all further claim under such first mortgage.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

The complaint alleges, among other things, that May 16, 1892, Mack C. Mehan mortgaged two parcels of real estate owned by him to plaintiff to secure the payment of $3,000 May 6, 1895, with interest payable semi-annually at a rate stated, according to six promissory notes and coupons attached thereto; that default was made in the payment of one set of the interest coupons, whereupon the mortgage was foreclosed by advertisement under the power contained therein and the statutes in such case made and provided; that at the foreclosure sale one of the lots was sold to plaintiff for $150 and the other for $144.96; and that certificates of sale were duly made, delivered, and filed. The complaint further alleged that *Jennie E. Mehan,* wife of the mortgagor, without consideration and with intent to defraud plaintiff, conspiring with her son, *Edgar C. Mehan,* to defraud plaintiff, obtained the legal title to the mortgaged property and placed a second mortgage on each lot, running to her said son, to secure the payment of $25; that thereafter said *Edgar C. Mehan,* in order to exercise his right as subsequent mortgagee to redeem from the foreclosure sale, paid to the proper officer the amount called for by the certificates of sale, whereupon such officer executed and delivered to him certificates of redemption, and thereafter, at the proper time; such officer executed to said *Edgar C. Mehan* sheriff's deeds, which were duly recorded, and under which said *Mehan* thereafter claimed to own the mortgaged prop-

erty free from any claim of plaintiff under his mortgage or the certificates of sale issued on the foreclosure thereof; that the plaintiff failed to receive the redemption money paid as aforesaid, and demanded that the sheriff, in accordance with the terms of the certificates of sale, make deeds to him, which was refused. The prayer of the complaint was, in substance, that the certificates of redemption and the deed issued to *Edgar C. Mehan* be canceled, and that the officer who made the sale be required to make a deed to plaintiff, pursuant to the certificates of sale.

The court found the facts as alleged in the complaint, except as to the allegation of fraud. On that subject the finding was to the effect that the second mortgages were made to secure *bona fide* indebtedness, and that all the proceedings in regard to obtaining the title by *Jennie E. Mehan,* the making of such mortgages, and the redemption by the second mortgagee, were in good faith and free from fraud. The conclusions of law were that the title of *Edgar C. Mehan,* under his sheriff's deeds, was perfect and free from any claim of plaintiff under his mortgage or certificates of sale. Judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Francis H. De Groat* and *James P. McLean,* and oral argument by *Mr. McLean.* They contended, *inter alia,* that *Edgar C. Mehan* did not pay the sum necessary to be subrogated to the rights of plaintiff, the general equitable rule being that the whole amount of the mortgage debt is the amount to be paid by the subsequent incumbrancer in order to entitle him to whatever rights are possessed by the prior mortgagee. Upon another hypothesis, and making no objection to the execution of the deed to the junior mortgagee, he does not by such deed escape the incumbrance on the property. *Cox v. Wheeler,* 7 Paige, 248, 257, 258; *Tice v. Annin,* 2 Johns. Ch.

125; *Benedict v. Gilman*, 4 Paige, 58; *Bradley v. Snyder*, 14 Ill. 263; *Collins v. Riggs*, 14 Wall. 491.

For the respondents the cause was submitted on the brief of *H. V. Gard* and *McCausland & Smith*.

MARSHALL, J.   The sole question raised on this appeal is, Did the payment by *Edgar C. Mehan* as subsequent mortgagee, to the sheriff who made the foreclosure sale, of the amount called for by the certificate of sale on such foreclosure, entitle him to a deed to complete such sale, conveying to him all the right, title, and interest which the makers of the first mortgage had at the time of the execution thereof, thereby extinguishing all further claim under such first mortgage?   That question must be answered in the affirmative on the plain, unmistakable meaning of the statutes governing the subject, as they existed when the proceedings in question were had.   Sec. 3533, R. S. 1878, then provided that the mortgagor, whose lands were sold on the foreclosure of a mortgage by advertisement, might, within a time stated, redeem the same by paying to the purchaser, his executors, administrators, or assigns, or to the sheriff, under-sheriff, or deputy sheriff, who made the sale, the sum of money bid therefor, together with interest on such sum, as therein prescribed, whereupon the sale and certificate of sale should be void.   Sec. 3534, R. S. 1878, provided that if redemption were not so made, the officer, or his successor in office, or other person who made the sale, or his executor or administrator, or some person appointed by the circuit court for the purpose, should complete such sale by executing a deed of the premises to the original purchaser, his assignee or personal representatives, or to any subsequent mortgagee who may have redeemed the same as provided in sec. 3540.   The last-named section provided that any subsequent mortgagee might redeem the mortgaged premises

McLean vs. Hoehle and others.

the same in all respects as the mortgagor, in case of the latter's failure so to do. Defendant having exercised such right of redemption under sec. 3540, was entitled to a sheriff's deed under the first-mentioned section, by the express wording thereof. The right to the deed being given, and there being no provision to the contrary, it necessarily carried with it the same title to the subsequent mortgagee as if it were made to any one claiming under the certificate of sale, i. e., all right, title, and interest in the premises covered by the first mortgage. The deed effectually extinguished all further claim under such mortgage.

It is needless to discuss the subject of whether the foreclosure was of an indebtedness constituting a separate and distinct mortgage under sec. 3525, R. S. 1878, for if such were the case, there being no stipulation in the mortgage securing the instalments of indebtedness equally, the different instalments took precedence in the order they fell due; and a foreclosure under a prior instalment, completed by the execution and delivery of a deed, cut off all claims under subsequent instalments, the same as the foreclosure of any prior mortgage cuts off all claims under subsequent mortgages. *Pierce v. Shaw*, 51 Wis. 316.

No injustice is perceived because the statute leads to the result above indicated, as the first mortgagee had ample opportunity to protect himself by bidding the property, at the sale, up to a fair value; but if it were otherwise, the wisdom of the statute is not a matter for this court to determine.

*By the Court.*— The judgment of the circuit court is affirmed.