W. L. Douglass v. E. A. Blount et al.

Decided January 24, 1900.

**1. Vendor's Lien Notes—Assignment—Priority.**

Where one who sells land and takes notes for the purchase price, secured by vendor's lien or mortgage, assigns one of such notes, the assignee is entitled to priority as against the other notes still in the hands of the vendor. Wootters v. Hollingsworth, 58 Texas, 371, criticised.

**2. Same—Foreclosure Suit—Parties.**

Where a suit for foreclosure is brought on the note so assigned, a sale thereunder passes the legal and equitable title, though the vendor be not a party thereto.

**3. Same—Holder of the Other Notes May Redeem.**

Where the sale of the land under such foreclosure does not bring enough to pay the judgment on the note so assigned, a holder of the other lien notes by assignment made after such judgment has the right to redeem by paying off the amount of such judgment remaining unsatisfied, and by paying to the purchaser at the foreclosure sale such sum as he paid for the land with interest.

Appeal from Liberty.    Tried below before Hon. L. B. Hightower.

*Votaw & Martin,* for appellant.

*Geo. C. Green,* for appellees.

Fly, Associate Justice.—This is a suit instituted by E. A. Blount against Isaac Watson, James B. Meikle, Emory A. Cobb, Esther B. Johnson, Julius A. Johnson, W. L. Douglass, R. D. White, and W. S. Swilley, to recover an undivided interest of 1762 acres of land out of the east half of the Hugh Means league in Liberty County. Appellee obtained judgment for the land sued for.

It was alleged in the petition that on March 20, 1893, W. M. Fortescue conveyed to I. N. Watson the east half of the Means league, in part consideration of which onveyance Watson executed three promissory notes, two of them for $881 each, due respectively in one and two years, and the third for $452, due in three years from date, each bearing 8 per cent interest, and each being secured by a vendor's lien on the land; that E. A. Blount was the owner and holder for value of the two first described notes which were transferred to him by Fortescue, together with all his right, title, and interest in the land. It was further alleged that Jas. B. Meikle, Julius A. Johnson, Esther B. Johnson, and Emory A. Cobb were settling up a claim to the land through Watson; that the Reliance Lumber Company, claiming to be the owner of the note for $452 executed by Watson to Fortescue, brought a suit in the District Court of Liberty County against I. N. Watson et al. for the purpose of obtaining judgment on said note and foreclosing the vendor's lien thereon, but that Fortescue was not made a party thereto, although he was at the time the owner and holder of the two notes owned by said Blount. That under the foreclosure proceedings in that suit, W. L. Douglass and R. D. White were setting up a claim to the land. Plaintiff, E. A. Blount, prayed that

he have judgment for an undivided 1752 acres of the land, and offered, in event he recovered the land, to cancel his notes; and in the alternative plaintiff prayed that he have judgment against I. N. Watson, the maker of the notes, for the amount thereof, interest and attorney's fees, and that his lien on the premises be foreclosed and the same be ordered sold and divided between the plaintiff and Swilley, Douglass, and White as the court should direct. Watson, Meikle, Cobb, and the Johnsons did not answer, and judgment was rendered against them by default. White disclaimed any interest in the land, but alleged that he had sold his interest to Douglass, who claimed the land through the foreclosure sale in case of Reliance Lumber Company v. Watson et al. Swilley answered that he was the owner and holder of the judgment obtained by the Reliance Lumber Company, which was not satisfied by the foreclosure sale, and prayed that the foreclosure sale be set aside for inadequacy of price, and that the land be partitioned in proportion to the amounts held by them thereon. The cause was tried by the court, and judgment was rendered that Blount recover 1762 acres of the land, and that Douglass recover 452 acres of the land, and it was further provided that Douglass should have the whole of the land by paying off the amount of the two notes owned by Blount at any time within twenty days from the final adjudication of this cause. Blount and Douglass recovered costs against Swilley and the other defendants.

There was no controversy as to the facts, which established that Fortescue had sold the land as alleged to Watson, taking the notes as described in the petition, one of which, that for $452, was, before maturity, sold to W. S. Swilley by Fortescue, and which was indorsed by Swilley to the Reliance Lumber Company, B. F. Cameron having joined Swilley in the indorsement. In 1896 the Reliance Lumber Company sued Watson, Swilley, and Cameron on the note and obtained a judgment for the amount and for foreclosure of the vendor's lien on the half league of land. Swilley appealed from the judgment, and the Court of Civil Appeals of the First District reversed the cause as to him because he had not been properly cited, but affirmed it as to the other parties, and as to the foreclosure of the lien. 46 S. W. Rep., 387. In 1897 the land was sold under the judgment, and W. L. Douglass was the purchaser for $50. Afterwards for a valuable consideration the judgment was transferred by the lumber company to Swilley. In March, 1896, Fortescue filed a suit in Nebraska against I. N. Watson on the two notes for $881, and he pleaded that he had executed the notes for one Emory A. Cobb, and that the land had been transferred to him as a trustee for Cobb, and on that issue judgment was obtained by Watson. Afterwards the notes were transferred to Blount by Fortescue.

In the case of Whitehead v. Fisher, 64 Texas, 638, under facts very similar to those in this case, it was held that the transfer by the vendor of one of two notes secured by an express lien on the land secured to the assignee priority in payment out of the proceeds of the land, and where such assignee sued on his note and procured a foreclosure of the vendor's

lien, the vendor not being a party, and at the foreclosure bought the land, that the superior title passed to the purchaser. In other words, it is stated that the position of the assignor of the note "was in effect that of a person holding a mortgage to secure two notes given to him for land who might transfer one of them and retain the other. In such cases it is well settled that, without any agreement to that effect, the assignee of one of the notes secured by mortgage is entitled to be paid out of the proceeds of the mortgaged property in preference to the mortgagee who retains one or more notes secured by the same mortgage." A number of authorities are cited to support the proposition enunciated. It is stated by Mr. Jones in his work on Mortgages, that in many States it is held "that the proceeds of the mortgaged property should be divided pro rata among all the notes secured by the mortgage, without regard either to the times of their falling due, or the dates of their assignment, unless the assignment shows a contrary intention." Jones on Mort., secs. 1701, 1701a. Among the authorities cited in support of the text are three Texas cases: Bank v. Beard, 49 Texas, 358; Robertson v. Guerin, 50 Texas, 317, and Delespine v. Campbell, 52 Texas, 4. In the first named case it was held that the note first maturing was not by that fact entitled to precedence in the appropriation of the proceeds of the land, but that the effect of the transaction originally was to secure all the notes by the same lien. The contest was among the holders of three notes assigned to them, the sole ground of priority alleged being as to the time of maturity of the notes and not as to the dates of assignment.

In the Robertson-Guerin case the question was as to one of two purchase money notes in the hands of different parties having equal rights to their satisfaction out of the land, and it was held that one of them secured no preference over the other by suing and procuring a foreclosure without making the other a party. The question of priority as between the vendor who may have assigned the notes and his assignees does not arise in the case, and the question of priority by reason of date of assignment was not discussed.

In the case of Delespine v. Campbell, the latter held, as security for the payment of three promissory notes, a mortgage on three tracts of land. Campbell transferred one of the notes to Delespine, who transferred it to his wife, and they instituted suit against the maker and Campbell as indorser. They obtained judgment against the maker, but not against Campbell. The judgment became dormant and suit was brought to revive it. Campbell had also brought a suit on the note retained by him and obtained a foreclosure. Delespine and wife claimed priority in payment of their note on the ground alone that it first became due. The court held there was no priority on that ground, but seems to have ignored the question as to the rights existing between a vendor who has assigned one of his purchase money notes and his assignee.

It will be noted that the Texas cases cited do not seem to support the text carried to its full extent, and there is no real conflict between them and the case of Whitehead v. Fisher.

In the case of Salmon v. Downs, 55 Texas, 243, however, the very question involved in the Whitehead-Fisher case was under consideration by the court, and it was said: "Whatever uncertainty may have attended the solution of this question hitherto, it is believed that the matter is now settled by the decisions of our court, and that with us the rule is, that where several notes are given for the same land, having a lien upon it, for their payment, and are assigned to different parties, all have equal rights to have satisfaction out of the land, and this without reference to the order in which they may have been assigned or which first matured." The cases of Delespine v. Campbell, Robertson v. Guerin, Bank v. Beard, herein reviewed, and the case of McDonough v. Cross, 40 Texas, 251, are cited as authority. None of them, we think, support the proposition. The court went still further in the Salmon-Downs case, and held that the case was not different when the vendor himself retained one of the notes. The case of White v. Downs, 40 Texas, 233, is cited by the court as apparently holding a contrary doctrine, but it is attempted to explain it away by the statement that it appears that the parties in that case intended that a preference should be given to the assignee. In the case of Wooters v. Hollingsworth, 58 Texas, 371, the case of Salmon v. Downs was cited and vigorously approved, and it was said that the doctrine announced in that case was sustained by the weight of authority, and four cases are cited to support the assertion.

From an investigation of the authorities at our disposal, we find that the overwhelming weight of authority is upon the opposite side of the question from that occupied by the Supreme Court of Texas in the cases cited from the 55th and 58th Reports.

In his work on Equity Jurisprudence, section 1203, Mr. Pomeroy says: "When the mortgagee assigns one or more of the notes, and retains the remainder of the series, it is generally held that the assignee is entitled to a priority of lien as against the mortgagee with respect to the note or notes so transferred; and this rule operates without regard to the order in which the notes held by the two parties mature." The text is supported by numerous authorities. McClintic v. Wise, 25 Grat., 448; Stevenson v. Black, 1 N. J. Eq., 358; Salzman v. Crditors, 2 Rob. (La.), 241; Waterman v. Hunt, 2 R. I., 298; Bryant v. Damon, 6 Gray, 564; Warden v. Adams, 15 Mass., 233; Cullum v. Erwin, 4 Ala., 452; Forwood v. Dehoney, 5 Bush., 174; Clows v. Dickenson, 5 Johns. Ch., 235; Van Renselaer v. Stafford, Hopk. Ch., 569; Pattison v. Hull, 9 Cow., 747; Bank v. Bank, 9 Wend., 410; Preston v. Ellington, 74 Ala., 133; Parsons v. Martin, 86 Ala., 352; Knight v. Ray, 75 Ala., 383; Sargent v. Howe, 21 Ill., 148; Abney v. Walmsley, 33 La. Ann., 589; Parkhurst v. Engine Co., 107 Ind., 594; Jenkins v. Hawkins, 34 W. Va., 799; Lyman v. Smith, 21 Wis., 674; Trust Co. v. Smythe (Tenn.), 27 L. R. A., 663; Carpenter v. Longan, 83 U. S., 271.

In the Tennessee case (Trust Company v. Smythe, above cited), it is stated that the rule adopted in Tennessee is that the assignees of the several notes share pro rata, if there is nothing in the contract of assign-

ment, or in the intention of the parties to vary the rule, but it is further said, that "the weight of authority is, and the clear rule of reason is, that as between the original parties, the vendor and vendee and mortgagor and mortgagee, the assignment of such a negotiable note by vendor or mortgagee may vest in the assignee a right superior to that of the assignor, the vendor, or mortgagee."

While in this case the contest is between two assignees of Fortescue, Blount does not occupy any stronger position than would be held by Fortescue where he a party instead of Blount, for the transfer of the notes to him took place long after their maturity, and after a sale had taken place under the foreclosure proceedings on the other note. We are therefore of the opinion that the question of priority of assignees occupying grounds of equal vantage is not presented by this record, but that it is a question between vendor and assignee, or mortgagee and assignee, and to that question the decision in this case is confined.

We arrive at the conclusion reached in the Tennessee case, "that such assignee of such notes does stand on higher grounds than the assignor, both in respect to the note assigned and to its mortgage security," and think that the later Texas case (Whitehead v. Fisher), which was rendered by a court composed of the same members as when the Wooters-Hollingsworth decision was rendered, was the result of a more thorough investigation, and is supported by reason and authority.

It follows that when the note for $452 was transferred before maturity to Swilley he acquired a preference over Fortescue to have his claim first settled out of the land, and that whether Fortescue was a party or not to the foreclosure proceedings instituted by the Reliance Lumber Company, the assignee of Swilley, the foreclosure sale passed the legal and equitable title to the land to Douglass, the purchaser at that sale. Blount would have the right to redeem by paying off the amount of the judgment, and by paying to Douglass, the purchaser at the foreclosure sale, such amount as he paid for the land with interest.

In this case, however, Blount, the plaintiff in the court below, did not offer to pay off the amount of the note holding priority over his notes, but sought to force the purchaser at the foreclosure sale to redeem the land by paying off his notes.

The trial proceeded on a false theory, if the Whitehead-Fisher case is correct, and we think it is, and the proper judgment can not be rendered here because there are no proper pleadings upon which to base it. The judgment will be reversed and the cause remanded, in order that the pleadings may be amended and the cause tried in consonance with the views expressed in this opinion.

*Reversed and remanded.*