KENDALL v. JOHNSTON et al. (No. 2272.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 20, 1924.)

1. **Vendor and purchaser** ⬦⟹261(5)—**Rule that assignee of secured notes has preference inapplicable when notes transferred to different parties.'**

The rule that, when the holder of several notes secured by one vendor's lien transfers some of them, guaranteeing their payment, and retains the others, the assignee is entitled to be paid out of the proceeds of the property securing the notes in preference to the assignor, is inapplicable where the notes have been transferred to different parties, and the assignor has guaranteed the payment of the different sets of notes.

2. **Vendor and purchaser** ⬦⟹261(5)—**Vendor may contract with assignee that his lien notes shall have preference over notes subsequently assigned.**

A vendor who receives vendor's lien notes and assigns some of them may contract with assignee that his notes shall have priority over the others, and a transfer reciting such agreement will constitute notice to the assignees of the rest of the notes, and be binding on them.

3. **Vendor and purchaser** ⬦⟹261(6)—**Transfer of vendor's lien held to vest legal title to land in assignee.**

Where a vendor who had received vendor's lien notes transferred part of them, and executed a formal written transfer of his lien to transferee, reciting that he had assigned such notes and had transferred his lien upon the land to such assignee, it vested the legal title to the land in assignee, and the registration of the assignment deprived vendor of any power to release any part of the lien or to recover the land itself in case of default.

4. **Vendor and purchaser** ⬦⟹261(2)—**Transfer of vendor's lien notes held to transfer lien to assignees in proportion to their notes.**

Where vendor retained a vendor's lien, and received notes for part of the purchase money, which notes he transferred, and guaranteed the payment thereof to different persons, such transfer passed to the different assignees a lien upon the land in proportion that their assigned notes bore to the whole debt secured upon the land.

Appeal from District Court, Donley County; R. L. Templeton, Judge.

Action by Ran Kendall against J. M. Johnston and others. From an adverse judgment, plaintiff appeals. Affirmed.

W. T. Link, of Clarendon, for appellant.

Cole & Simpson, of Clarendon, and Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for appellees.

HALL, C. J. On August 7, 1919, C. D. Akers conveyed by warranty deed certain land to J. M. Johnston, retaining a vendor's lien in the deed and in each of the ten notes to secure the payment of part of the purchase money. Afterwards Akers, the vendor for valuable consideration, assigned the first seven of the notes to the appellant, Kendall, by written guaranty upon the back thereof, as follows:

"For value received I hereby sell, transfer, and assign to Ran Kendall the within note, together with vendor's lien on the property securing same, and as indorser guarantee the payment of the within note at maturity or on demand at any time after maturity, waiving demand, protest and notice of nonpayment thereof. [Signed] C. D. Akers."

At the same time he executed and delivered a formal written transfer of the vendor's lien to Johnston, which contains the following recital:

"I, the said C. D. Akers, for a valuable consideration, have assigned, transferred and delivered said seven notes to Ran Kendall, and in consideration of the premises and the sum of one dollar to me in hand paid, the receipt of which is hereby acknowledged, have bargained, sold, conveyed, assigned and set over to the said Ran Kendall my lien upon said land, and have and do hereby bargain, sell and quitclaim, all my right, title, interest, estate, claim and demand, both legal and equitable, in and to said land and every part thereof, together with all and singular the hereditaments and appurtenances thereunto appertaining."

This transfer was duly filed and recorded in Donley county. After the sale and delivery of said notes to the appellant and after the record of said written transfer, Akers, for valuable consideration and in due course, transferred the last three of said series of ten notes to the appellee Williams, and upon each of said three notes was written the same guaranty as appears upon each of the first seven notes except that the name of the transferree was left blank. No formal transfer of the vendor's lien was made to Williams. The first of the notes assigned to appellant was paid, together with the interest thereon up to January 1, 1921. Appellant filed this suit, seeking judgment against Johnston on the six notes and for a foreclosure of his vendor's lien against appellees, and praying that the lien claimed by appellees be held for naught; that his lien be declared prior and superior to that of appellees. Appellees answered by general denial, and specially alleged that the lien securing all of said notes was co-ordinate, and that appellees were entitled to participate in the security in the proportion that the amount of their debt bore to the whole amount of the unpaid notes. They prayed for judgment against Johnston for the amount of their notes, for a foreclosure of their lien, and for a decree that the land be sold and the proceeds prorated between themselves and the appellant. The case was tried before the court without a jury, and judgment rendered

---

⬦⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that appellant recover against Johnston the sum of $10,752.65; that appellees recover against Johnston the sum of $5,984.83. The judgment further foreclosed the lien as to all parties, and directed that the land be sold and the proceeds be divided proportionately.

[1-4] It is first contended by appellant that, because Akers guaranteed the payment of the first seven notes of the series, which were transferred to him, and also conveyed the superior title to the land, the liens are not co-ordinate, and that he should be preferred and his claim satisfied before anything is realized by the appellees. We cannot assent to this proposition. This court said in Caraway v. Fowler, 255 S. W. 995, that the rule which postpones the vendor or mortgagee in the collection of part of the notes to the claim of a transferree or assignee of other notes of the same series does not apply where the contest is between assignees and the notes have been transferred to different parties. In this case Akers guaranteed the payment of both sets of notes, and in that case no superiority of lien can exist. The rule is applied merely as between the parties to the transaction, and not to the detriment of the rights of third parties. In Martin v. Gray (Tex. Civ. App.) 159 S. W. 118, Conner, C. J., said:

"It seems to be finally pretty well settled. where a payee of a series of notes severally transfers them all to different persons, that the transferees are entitled to equally share in the proceeds of the security, but, where such original payee retains part of the series transferring the remainder by the usual indorsement or guaranty, that then the notes so retained by the payee will be postponed in the enforcement of the lien in favor of those to whom part of the series may have been so transferred."

In the case of Archenhold v. Branch (Tex. Civ. App.) 193 S. W. 457, the transfer of the lien and land considered there was in all respects similar to that in the instant case, and it was held that the transfer did not waive the lien securing a second note. The holding is based upon the fact that there was not in the transfer an express or implied release of any part of the lien; that in the absence of such a release it could not be presumed that the parties intended to do that which the law presumes they did not do. The Supreme Court said, in Wilcox v. First National Bank, 93 Tex. 322, 55 S. W. 317:

"With reference to the waiver or discharge of a lien for the purchase money of land sold upon a credit, there is a well-marked distinction between an express lien and one that is merely implied. The implied lien is created when the land is conveyed by deed, and when, no independent security being taken, neither the deed nor obligation for the purchase-money either reserves or waives a lien for its payment. * * * Here the lien was expressly reserved in the conveyance, and in such a case we understand the authorities to hold that the taking of a new note, with sureties, in renewal of the original note for the purchase money, of itself neither releases the lien, nor creates a presumption that it was intended to be discharged. * * * A lien created by mortgage or by an express reservation exists as long as the debt exists which it secures, unless it be discharged by some valid agreement between the parties. * * * To our minds, it is misleading to speak of a waiver of a lien as applicable to such a case. It is not inaccurate to say that a grantor who has made a deed without reserving a lien, and has taken an independent security for the purchase money, has waived his lien, because, in such a connection, it is merely meant to say that he has waived his right to claim a lien but, when a lien is once created by an express agreement, the land is not to be disincumbered, save by a payment of the debt or a contract for the release or discharge of the incumbrance."

It must be admitted that Akers could have lawfully contracted with appellant that his notes should have priority, and a transfer of the first six notes reciting such agreement would have been notice to the appellees and binding upon them. Armstrong v. Parr (Tex. Civ. App.) 162 S. W. 1003. We construe the recital quoted from the written assignment, supra, as simply vesting the legal title to the land in appellant, and its registration deprived Akers of any power to release any part of the lien or to recover the land itself in case of default. No mention is made of the lien securing the three notes subsequently transferred by Akers to the appellees; and, as said by Rasbury, Justice, in the Archenhold Case, supra:

"It is correct to say that they had no intention to deal with such other subject, unless it can be said that what they actually did resulted as matter of law in accomplishing that which they did not intend. This we think is not the result of the language used. * * * It is quite clear that the parties were dealing solely as we have said with the matter of transferring the lien, not discharging, releasing, or waiving it; and if it be law, as we conclude it is, that the lien secured both notes co-ordinately, then in the absence of some express declaration evidencing a different intention it must be presumed that the parties had that rule in mind. Such a declaration is not contained in the transfer we are discussing. Not even a remote reference is made to the release, surrender, or waiver of the lien."

It cannot be denied that the effect of the transfer in the instant case was to vest in the appellant the legal title to the land, and that he might have recovered upon the default of Johnston; but he has not filed that character of suit. New England Loan & Trust Co. v. Willis, 19 Tex. Civ. App. 128, 47 S. W. 39. And, since this is not a suit to which Akers is a party, appellant and appellees are entitled to share ratably in the proceeds of the security. Douglass v. Blount, 22 Tex. Civ. App. 493, 55 S. W. 526. It was

declared in the early case of Ellis v. Singletary, 45 Tex. 27, that the holder of several purchase-money notes secured by the vendor's lien upon a tract of land cannot defeat the enforcement of such lien by the holder of such notes with like security by purchasing the legal title to the land on which the lien exists. This principle has been recognized since by our Supreme Court in Douglass v. Blount, 95 Tex. 369, 67 S. W. 489, 58 L. R. A. 699, where it is said that by the transfer of one of the purchase-money notes the lien upon the land passed to the assignee in the proportion that the assigned note bore to the whole debt secured upon the land, and he was by the transfer and delivery of the note empowered to foreclose upon the land to the extent of his lien. This rule applies equally to the notes held by both parties in this case.

Believing that the case has been properly disposed of, the judgment is affirmed.