## PHELAN v. OLNEY et al.

A mortgage being merely the incident to the note secured by it, it follows that where two notes are secured by a single mortgage, the endorsement and delivery of one of the notes carries with it a *pro rata* portion of the security.

A purchaser of the second note, taking therewith an assignment of the mortgage, takes with notice of the equity of the holder of the first note, as he was informed of its existence by the mortgage itself.

When the holder of the second note, and assignee of the mortgage entered a discharge of the mortgage and took a new security, the discharge was valid, as to him, and divested his lien under the mortgage, though void as to the holder of the first note.

APPEAL from the Superior Court of the City of San Francisco.

The plaintiff filed his bill of foreclosure against J. N. Olney, J. B. Roberts, J. E. Brown, and Rebecca F. Gregory. The bill sets forth the following averments :

That on September 1st, 1853, the defendant, Olney, made two promissory notes of even tenor and date, to W. C. Jewett, for $2,000 each, payable in one year, with interest at one per cent. per month, and to secure the same, executed a mortgage on certain property in San Francisco.    That Jewett assigned one of said notes to D. Brigham, who assigned the same to plaintiff, who is still the owner and holder thereof. That Jewett assigned the other note, as well as the mortgage, to J. C. Hambly, who assigned the same to defendant Roberts, who subsequently, without plaintiffs' knowledge or consent, entered a discharge of said mortgage on record, and that the other defendants as well as Roberts, have or claim some interest in the mortgaged premises; and that the whole amount of principal and interest secured to be paid by the note held by plaintiff is due and unpaid.

The defendants, Olney and Roberts, demurred.    The demurrer was overruled, and Olney and Roberts filed separate answers.    Olney's answer averring that Jewett and Brigham were jointly interested with him in the lot, and Roberts' answer averring representations by Jewett, Brigham and Olney to Hambly, when the latter took an assignment of

the note and mortgage; that the note now held by plaintiff was paid: and that Olney, not paying Roberts' note, the latter had discharged the mortgage and taken a new note and mortgage bearing a higher rate of interest. The answers also aver the actual payment to Jewett of the note now held by plaintiff, although the note was not surrendered.

The complaint and the answer of Olney are verified. The agreed statement of the facts shows that Jewett endorsed the note, held by plaintiff, to Brigham at about its date; that Brigham endorsed it to plaintiff June 9th, 1855; that Jewett endorsed the other note and assigned the mortgage to Hambly, November 14th, 1853, and that the assignment of mortgage was recorded on the next day; that Hambly assigned the mortgage to Roberts, June 21st, 1854, and that the assignment was recorded July 22d; that on the 30th August, 1854, Roberts executed and recorded the discharge of the mortgage and canceled the note held by him; that neither he nor Hambly had any actual notice of the transfer of the other note from Jewett to Brigham before the discharge of the mortgage by Roberts.

The Court below rendered judgment for plaintiff. Defendants moved for a new trial, which was overruled, and defendants appealed.

*W. K. Osborn* for Appellants.

I. That the defendant, Roberts, ought to have priority of lien over the plaintiff.

The assignment of a mortgage is within the recording Act of our State, and is a conveyance within the meaning of the Act concerning conveyances, and the assignee of a mortgage is a purchaser within the meaning of the same Act. See Jamestown Bridge Co. *v.* H. Peters; Cal. R., July Term, 1855; Williams *v.* Birbeck, 1 Hoff. Ch. R., 360; Vanderleup *v.* Skelton, 11 Paige Ch. R., pp. 28 and 38.

If Jewett, the mortgagee, had retained this note in his own keeping he could not have the benefit of the mortgage for its payment, or if he had endorsed it after the assignment to Hambly, the endorser could not foreclose the mortgage: the defendant, Roberts, and his assignor, Hambly, after due enquiry, were led to believe Jewett to be the holder of the note, or that it had been paid, and the mortgagor, in his answer, says under oath that it was paid. It is true the mortgage gives notice of the existence of two notes but it does not give notice of the transfer of either.

The knowledge that they might both, or either of them, be transferred by simple endorsement, and thus carry the mortgage with them, was not notice that they had been assigned thus. Every purchaser of real estate buys with the knowledge that his grantor may have made a prior grant of it, but the purchaser whose deed is first duly recorded is bound by no prior conveyance unless he had notice of it.

If, in this case, Jewett had made a written assignment of one-half the mortgage which the assignee had failed to record, it would, though good as to the parties, be void as to a purchaser in good faith, etc. See Act concerning conveyances, Cal. Compiled Laws, p. 513, § 26.

It is a well established doctrine that the assignee of a mortgage takes it subject only to equities between the mortgagor and mortgagee, but not to equities of third parties, of which he has no notice; and generally the assignee of a chose in action takes it subject to all the equities against it in the hands of his grantor, but this means equities of the debtor and not third parties. See Livingston *v.* Dean, 2 John. Ch. R., 479; James *v.* Morey, 2 Cow., 400; Redfearn *v.* Ferrin, 1 Dow., 50; Mott *v.* Clark, 9 Barr, 400.

Admitting, then, what no one can dispute, that the endorsement of a promissory note carries with it a *pro rata* part of a mortgage given to secure it, with the full force and effect of a regular assignment, still the purchaser of a mortgage is not affected by such endorsement unless he has notice of it prior to the assignment to himself. Notice here to Hambly, that the note in suit was outstanding after Hambly had taken an assignment of the mortgage, could not affect rights acquired by such assignment, and the assignee of Hambly cannot be placed in a worse condition than Hambly.

The endorsement of a note secured by a mortgage makes the mortgagee a trustee for the endorsee, but this is a secret trust, and cannot and ought not to affect the rights of those who buy the legal title without notice of such trust.

Besides, the plaintiff here can show no better equity than the defendant, Roberts; he buys this note nine months after the discharge of the mortgage has been put on record, gives no notice to Roberts until the commencement of this suit, that the note is outstanding, while Roberts has the legal as well as the equitable title to the benefit of this mortgage.

That the whole mortgage may pass with a portion of the debt secured by it. See Sherwood *v.* Dunbar, Cal. R., January Term, 1856; Belding *v.* Manley, 21 Vermont, 551; Langdon *v.* Keith, 9 Vermont, 299; Keys *v.* Wood, 21 Vermont, 334.

II. From the facts of this case, the defendant, Roberts, was entitled at least to half the benefit of the mortgage security, equally with the plaintiff, and the decree should have so ordered, and should be modified now to direct half the proceeds of the sale of the lot to the payment of the debt of Roberts.

Besides, the plaintiff, who bought the note in suit, nine months after its maturity, and after the discharge of the mortgage by Roberts, has failed to show that Roberts had any notice of the prior assignment of this note or that it had ever been assigned at all; and for aught that appears on the record, or that was shown on the trial below, he did not know it till the commencement of this action.

If the discharge of the mortgage was made by Roberts, in good faith, (and fraud will not be presumed where none is alleged or shown) and this discharge is avoided by the decree of the Court, Roberts should be placed in the same position he occupied before the discharge, which could not affect the rights of plaintiff. Belding *v.* Manley, 21 Vermont, 551.

The plaintiff, who has wholly neglected to give notice of his rights, should not complain that Roberts, who has used all diligence, should share equally with himself, the benefit of this mortgage, and if the records of the county recorder's office are part of the title, as the Courts of New York hold in that State, (see Ledyard *v.* Butler, 9 Paige, 136,) then has Roberts not only acted in good faith but has gone beyond the ordinary degree of prudence in his efforts to secure himself, and is entitled to be first paid out of the proceeds of this lot, or at least to share them with plaintiff.

*Lorenzo Sawyer* for Respondent.

1. The mortgagor is the owner of the land. The debt is the principal thing, and the mortgage is merely an incident to the debt. The mortgage is not assignable without the debt. Jackson *v.* Willard, 4 John. R., 43; Jackson *v.* Bronson, 19 John. R., 325; Wilson *v.* Troup, 2 Cow., 231.

2. "The mortgage is a mere incident to the debt which it secures, and follows the transfer of a note with the full effect of a regular assignment. Ord having a right to the note had undoubtedly a right to foreclose the mortgage." Ord *v.* McKee *et al.*, April Term, Sup. Court, '55. Also, Bennett *v.* Taylor, Oct. Term, 1855, p. 17. This is true, even though the assignment be by parol. 4 Kent's Com., 194; Sanburn *v.* Mendum, 5 N. H., 432; Story Eq. Jur., § 1023, p. 4; Mesereau *v.* Runyan, 11 John. R., 537; Jackson *v.* Blodgett, 5 Cow. R., 206, 207; Green *v.* Hart, 1 John. R., 591; Johnson *v.* Hart, 3 John. Cases, 329, 330; Paine *v.* French, 4 Ohio Rep., 32; Clevewater *v.* Rose, Blackf. R., 138; Benton *v.* Baxter, 7 Blackf., 297; Burdett *v.* Clay, 8 B. Mon., 295; Waller *v.* Tute, 4 B. Mon., 523; Hatch *v.* White, 2 Gall., 155; Southerim *v.* Mendum, 5 N. Hamp., 432.

The allegation in the bill that the notes were assigned, is equivalent to an averment that the mortgage was also assigned. Emanuel *v.* Hunt, 2 Ala. R., 190.

3. If a part of several notes secured by mortgage be assigned by the mortgagee, a *pro rata* portion of the security accompanies the note or notes assigned. Keyes *et al. v.* Wood *et al.*, 21 Vermont, 339; Pratt *v.* Banks, 10 Vermont R., 294; Donley *v.* Hays, 17 Serg. & Raw., 404; Pattison *v.* Hall, 9 Cow. R., 751; Henderson *v.* Herrod, 10 Sm. & M., 633–4; Dick *v.* Mawry; 9 Sm. & M., 448; Cullum *v.* Erwin's Ads., 4 Ala., 458–9.

4. A delivery of the mortgage to the assignee is not necessary to give him the benefit of it. Cooper *v.* Ulman, Walker's Ch. R., Mich., 251.

Nor is it even necessary that the assignee should at the time of the assignment know of the existence of the security. When it comes to his knowledge he may affirm the trust and enforce the security. Keyes *et al. v.* Wood *et al.*, 21 Vermont R., 338; Evertson *v.* Booth, 19 John., 494.

5. Several promissory notes were secured by the same mortgage,

and the mortgage assigned to one person, (the note first payable, having been assigned to another without mentioning the mortgage,) and he afterwards assigned the residue of the notes, together with the mortgage, to another person, the assignee of the first note is equally entitled with the holder of the other notes to the benefit of the mortgage security.    Belding *v.* Manley *et al.*, 21 Vermont R., 551.

But in this particular case, the assignee of the first note had performed certain acts which this Court held to be an estoppel against him, from claiming the rights to which the assignment entitled him.

6. It is also held in this case that but for the estoppel, the assignee of the first note, after the release of the mortgage by the holder of the second note, would have been entitled to have his demand first satisfied out of the proceeds of the mortgaged premises.    See same case.

III.  The defendant is not "a subsequent assignee in good faith without notice and whose assignment is first duly recorded" as alleged by him, for the reason :

1. That he is not, in any sense, an assignee of the same identical interest or estate which was assigned to Brigham and by him to plaintiff.    The thing assigned to each was a portion of the debt, and a portionate interest in the mortgage passed to each as incident to the portion of the debt assigned.

The assignment from Jewett to Hambly, and that from Hambly to defendant, Roberts, only purports to "assign, etc., the right, title, and interest (of Jewett) in and under the mortgage annexed," and that interest was only what remained as incident to the note passed at the time, after the assignment of the note in suit and its incident to Brigham.

2. Hambly and Roberts were guilty of *laches* in not requiring the production of the note canceled.    The mortgage and note assigned both refer to the note in suit, and thus the record of their own title informs them that this negotiable note was secured by the same mortgage; that it was not yet due; that it was not satisfied of record; in short that it was still outstanding, and a lien upon the premises.    This being the case, "if he failed to inquire by requiring the production of the note at the hand of the mortgagee, he is guilty of such *laches* as ought to postpone him to the equity of the plaintiff."    Roberts *v.* Halsted, 9 Barr, 36; 21 Vermont R., 340.

IV.  Defendant, Roberts, under the circumstances, with a knowledge of the outstanding note not yet due, canceled the note assigned to him, and released the mortgage upon the record with intent to discharge it. It was therefore discharged as to his debt, and the debt satisfied.    Lewis *v.* Starkie, 10 Sm. & M. R., 128, 129; 1 Greene Ch. R., N. J., 242; 21 Vermont, 556.

But he had no authority to discharge the mortgage as to plaintiff's note, and the discharge as to that is fraudulent and void, and the defendant's debt having been satisfied, the benefit of the whole security is left to him.    9 Barr, 35; 21 Vt., 556, before cited.

Mr. Justice TERRY delivered the opinion of the Court.    Mr. Chief Justice MURRAY concurred.

In Ord v. McKee, and Bennett v. Taylor, decided Oct. Term, 1855, we held that a mortgage is the incident of a debt, and that the endorsement of a promissory note secured by mortgage, carried with it the security without a formal assignment of the mortgage.

The endorsement and delivery by Jewett to Brigham of one of the notes secured by Olney's mortgage, carried with it a *pro rata* portion of the security. Keyes v. Wood, 21 Vt., 339; 9 Cowen, 751, and 17 Sergt. & Rawle, 404.

Roberts, the purchaser of the second note, and the assignee of the mortgage took with notice of the plaintiff's equity; as he was informed by the deed itself that it was given as security for two notes of equal amount, neither of which was due.

The holders of the notes stood in the same relation to the mortgaged premises, until Roberts entered a discharge of the mortgage, and accepted a different security. This discharge, though void as to the plaintiff, was valid as to Roberts, and divested any lien which he had by virtue of said mortgage.

Judgment affirmed with costs.