## WOOTERS ET AL. V. HOLLINGSWORTH.

SUPREME COURT, GALVESTON TERM, 1883.

*Promissory Note—Preferred Lien.*—The purchaser of a promissory note, secured by lien upon real estate, has no right to have his note fully satisfied, out of the proceeds of the sale of the incumbered land, as against purchasers of similar notes secured by a cotemporaneous lien upon the same land, unless the assignor has, by express words, given him that right.

Appeal from Houston county.—Opinion by Willie, C. J.

In this case it appears that Hollingsworth purchased a tract of land from McHenry and wife and executed . in payment therefor, five promissory notes, falling due at different dates. in each of which he promised to deliver to the payees twenty bales of cotton, or one hundred bales in all. McHenry being indebted to the appellants, transferred to them an interest in the four promissory notes first falling due, and to appellee, Davis, the note that matured last.

The question for our decision is : Are the appellants entitled to have their notes first satisfied out of the proceeds of the sale, the incumbered land by reason of the fact that their assignment was prior in time to that made to Davis?

This precise question was decided in the case of Salmon v. Downs, 55 Texas, 243, in which it was held that a rent preference existed in behalf of the first assignor. We are requested to reconsider that decision because made by the Commissioners of Appeals. and to over rule it. The case was referred to the Commissioners under the act of February 9, 1881. and their opinion when adopted by the Supreme Court became as authoritative as any of its own decisions. Whilst we decline to disturb the conclusion arrived at by the Commissioners and this court in that case. it is but proper to add that if the question was an open one, our decision would be the same as that arrived at by the Commissioners. The weight of authority. as shown by the decisions of our sister States, sustains their view, though there are some cases which hold to the contrary. (See Donley v. Hays, 17 Serg. & Rawls, 400 ; Mobler's Appeal, 5 Barr, 418 ; Johnson v. Candige, 31 Me·, 481 ; Philom v. O'Leary, 6 Col., 478.) And although

the question had not been directly decided in our State before the case of Salmon v. Downs, yet the tendency of our own decisions has been in the same direction. (See Delespine v. Campbell, 52 Texas, 12, and other authorities cited in Salmon v. Downs.) It was attempted in the court below to show that a preference was given by the assignor to the holders of the four notes first transferred in the instrument by which they were assigned. But the proof shows that the attempt was not successful. Had proof of such fact been made the case would have presented a different question. It has been held in several instances that the assignor can by express words give the right of priority to his assignee, which will be good against subsequent purchasers of other notes secured by contemporaneous lien on the same property, who has notice of such preference.

The very fact that this case of express contract for priority is treated as an exception, goes far to establish the general rule to be that no preference would exist when no such agreement was made. Be this as it may, the rule in our own state is now fully established in the case of Salmon v. Downs; and we are not disposed to disturb it or the rights which may have grown up under it.

The judgment is affirmed.