W. W. WHITEHEAD, ADM'R, v. FISHER, GARRITY & HUEY.

(Case No. 1892.)

1. LIEN — PRIORITY — FORECLOSURE.— A vendor took in part payment of the purchase money for a tract of land, two notes, due one and two years from date, and the deed retained an express lien for their payment. The note first due was transferred with the parol agreement that it should be paid fully before the second note, which was retained by the vendor. The assignee foreclosed the lien and bought in the land; the vendor afterwards foreclosed the lien held by virtue of the second note and also bought in the land. *Held:*

(1) That it has been decided in some states that the note first due would have priority of lien, but not so in Texas. Paris Ex. Bank *v.* Beard, 49 Tex., 363.

* Neither the record nor opinion in this case was procured by the reporter until December, 1885.

(2) That the legal title remained in the vendor, as between himself and the vendee.

(3) That the assignee of the note held a lien upon the land, and not a lien merely on the interest held by the vendee. The vendor impliedly contracted that whatever title he or his vendee had to the land, in default of payment of the note transferred, should be subjected to the payment of the transferred debt.

(4) That the position was in effect that of a person holding a mortgage to secure two notes given to him for land, who transfers one of them. It is well settled that without any agreement to that effect the transferee is entitled to be paid out of the proceeds of the mortgaged property, in preference to the mortgagee holding the other note. (See cases cited in the opinion.)

(5) That the assignment, even without the parol agreement as to priority of lien, would preclude the idea that the assignee was to be secured only in the event the land sold for enough to pay both notes.

(6) That a foreclosure and sale of the land by the assignee, in a suit in which the vendor was or was not a party, would pass the superior title to the land.

(7) That it was a question whether the vendor was entitled to any relief without making a tender of the sum due on the transferred note.

(8) That the right to possess the land without accounting for its rents and profits passed to the vendee by the deed, and remained in him until the foreclosure sale by the assignee of the note. The second foreclosure on the second note by the vendor did not divest the assignee of the first note of any right.

(9) That one who redeems after foreclosure sale must pay the full amount of the mortgage debt, even though the land on foreclosure sale sold for a less amount. (See cases cited in opinion.) The money will be subject to distribution between the mortgagee and the purchaser, in equitable proportion, so as to reimburse the latter his purchase money and pay the former the balance of his debt. (Following United States v. Powell, 14 Wall., 493.) The fact that the foreclosing assignee was the purchaser, and credited the amount of his bid on the note, will not alter the rule.

(10) That the assignee of the note was entitled to occupy the land without liability for rents until the vendor acquired the right to possession by purchase under foreclosure, having redeemed from the foreclosure made by the assignee. Such right the assignee might sell, even to the vendee, and not be liable to account to the vendor for the sum received on such sale.

APPEAL from Navarro. Tried below before the Hon. L. D. Bradley.

On March 8, 1877, B. T. Whitehead, appellant's intestate, sold to one Martin Fisher the farm in controversy, for $300 cash and two negotiable notes, one for $600, due one year from date, one for $775, due two years from date, both bearing ten per cent. interest, conveying the land to Fisher by a deed retaining an *express lien* for the payment of the notes. The first note for $600 was transferred before maturity for a valuable consideration to the intervenors, Garrity & Huey; at the time of its transfer B. T. Whitehead made a parol agreement or contract with Garrity & Huey that the first

note should be paid and settled fully before the second note retained by Whitehead. B. T. Whitehead died in October, 1878. Plaintiff became administrator of Whitehead's estate, and Garrity & Huey's claim was never presented to the administrator. Garrity & Huey having sued, got a judgment on October 30, 1878, against the defendant Fisher for $600, the amount of their note, with interest, and for a foreclosure of the vendor's lien on the land. And the intervenors having purchased the same at sheriff's sale, obtained a deed for Fisher's interest therein on August 5, 1879, they having purchased for $224, which was credited on their judgment. The intervenors afterwards brought suit of trespass to try title against Martin Fisher for the land, and there was a judgment on the 6th of December, 1882, dismissing the cause as "compromised and settled." On November 17, 1881, Garrity & Huey made a deed of the land to Fisher, consideration $200 paid cash, and two notes for $340, due one and two years from date. The deed was an absolute one, reserving no lien for the payment of the purchase, but recited the two notes of $340 each.

The plaintiff brought suit against Fisher on the 23d of August, 1883, for the second note, and, having recovered a judgment, bought the land in at sheriff's sale for $52, and received a deed for Fisher's interest on June 26, 1884. Fisher went into possession of the land under Garrity & Huey on 17th November, 1881, and was in possession at the time of the suit. He, however, disclaimed all interest in the land, and acknowledged that he held for Garrity & Huey.

On the 25th of June, 1884, this suit was commenced by plaintiff against Fisher for title and possession of the land. Defendant answered disclaiming title. Garrity & Huey filed petition of intervention, claiming title to the land. Plaintiff filed reply. The suit was tried by the court and a judgment rendered that the land be sold and the proceeds applied, 1st, to intervenors' judgment; 2d, to plaintiff's judgment; 3d, balance to be paid to Fisher.

*Read, Greer & Greer*, for appellant.

No briefs for appellees have reached the reporter's hands.

STAYTON, ASSOCIATE JUSTICE.— The note which Whitehead transferred to Garrity & Huey was the one first maturing of two which Fisher had executed to Whitehead for a tract of land conveyed by a deed which expressly retained a lien to secure the payment of both notes, which, in some of the states, is held to have priority of lien;

but this rule has not been followed in this state. Paris Exchange Bank v. Beard, 49 Tex., 363.

In that case no ruling was made as to the right of one who held by prior assignment one of several notes secured by the same lien; nor does the question as to what would be the right between several persons holding notes secured by the same lien, by assignments made by the payee at different times, arise in this case.

It appears in this case that Whitehead held two notes given by Fisher for land conveyed to him by Whitehead by deed which reserved an express lien to secure their payment.

The one of these notes first maturing was transferred by Whitehead to Garrity & Huey under an agreement that the note so transferred should be paid before the other note which Whitehead retained.

The transfer of this note carried to the assignees the lien existing to secure it.

Under a long line of decisions in this state the legal title to the land remained in Whitehead, as between himself and Fisher; but as he made the lien operative in the hands of Garrity & Huey, by his own contract, it must be held that this lien was a lien upon the land and not a lien merely on the interest in the land held by Fisher.

By the transfer of the note secured by the express lien reserved in the face of the deed by which the land was conveyed to Fisher, it must be held that Whitehead impliedly contracted that whatever title or interest he or Fisher or both had in or to the land, in default of payment of the note transferred, should be subjected to the payment of the transferred debt.

In this way only could the person taking the note have the security which Whitehead had, and evidently intended should pass with the transfer.

His position was in effect that of a person holding a mortgage to secure two notes given to him for land who might transfer one of them and retain the other.

In such cases it is well settled that, without any agreement to that effect, the assignee of one of the notes secured by mortgage is entitled to be paid out of the proceeds of the mortgaged property in preference to the mortgagee who retains one or more notes secured by the same mortgage. Cullum v. Erwin, 4 Ala., 458; Bryant v. Damon, 6 Gray, 564; Van Rensselaer v. Stafford, Hopkins Ch., 574; Mechanics' Bank v. Bank of Niagara, 9 Wend., 412; Salzman v. His Creditors, 2 Rob. (La.), 241.

The lien secured both notes, and the assignment of one of them

to Garrity & Huey, even without any further agreement, would preclude the idea that either party intended that Garrity & Huey should be secured only in the event the land sold for enough to pay both notes.

The agreement made, however, places this question beyond controversy, and made the lien in favor of Garrity & Huey the superior lien.

A foreclosure of the lien in a suit in which Whitehead was a party, and a sale made thereunder, doubtless would have passed the legal and equitable title to the land to the purchaser; and, under the facts of this case, we are of the opinion that Garrity & Huey obtained the superior title to the land, even under the foreclosure sale made under the judgment rendered in the suit to which Whitehead was not a party.

His position could not be more favorable, in any event, than would be that of one holding a junior mortgage who was not made a party to the suit in which a prior mortgage was foreclosed.

Whitehead doubtless would have had the right to pay off the note held by Garrity & Huey, and to have held the lien to secure to him the sum due on both notes, but this he never did, nor sought to do, but his representative sought to ignore the right of Garrity & Huey, which was the superior right to the lien, and, after its foreclosure, to the land, and in an action of trespass to try title to recover the land through a title derived through a foreclosure of the junior or inferior lien held by Whitehead.

Under the pleadings of Garrity & Huey, and the supplemental pleadings of the administrator of Whitehead's estate, the administrator may now be considered as one who seeks to redeem after a foreclosure sale.

It may well be questioned whether he ought to have been granted any relief whatever; for while the facts are averred which show that, in any event, Garrity & Huey are entitled to be paid the full amount of the note transferred to them by Whitehead, he makes no tender of that sum nor proposition in any event to pay it. Jones on Mortgages, 1095.

Nor does he show facts which would entitle him to charge Garrity & Huey with the rents and profits of the land.

The right to possess the land without liability to account for rents and profits passed to Fisher by the deed, and continued in him until that, as well as the superior right to the land, was divested as to him, and also as to Whitehead, by the judgment and sale under which Garrity & Huey claim.

The subsequent foreclosure against Fisher, on the second note, could not divest Garrity & Huey of any right they had.

Garrity.& Huey do not complain of the judgment rendered in the court below, but the appellant complains that the court directed that the land be sold and that the sum due to Garrity & Huey, as evidenced by the note transferred to them, be first paid out of the proceeds, without deducting therefrom the sum bid for the land by Garrity & Huey when they purchased at foreclosure sale, and the further sum of $200 paid to them by Fisher on the sale of the land by them to him.

That one who redeems after foreclosure sale must pay the full amount of the mortgage debt is well settled, and so, even though the land on foreclosure sale sold for a less sum. Benedict v. Gilman, 4 Paige Ch., 61; Baker v. Pierson, 6 Mich., 522; Gage v. Brewster, 31 N. Y., 218; Bradley v. Snyder, 14 Ill., 267; Johnson v. Harmon, 19 Ia., 56; Martin v. Fridley, 23 Minn., 13; United States v. Powell, 14 Wall., 493.

In the case last cited the rule is thus clearly stated: "To redeem property which has been sold under a mortgage for less than the mortgage debt, it is not sufficient to tender the amount of the sale. The whole mortgage debt must be tendered or paid into court. The party offering to redeem proceeds upon the hypothesis that, as to him, the mortgage has never been foreclosed and is still in existence. Therefore he can only lift it by paying it. The money will be subject to distribution between the mortgagee and the purchaser in equitable proportions, so as to reimburse the latter his purchase money, and pay the former the balance of his debt."

If some person other than Garrity & Huey had purchased the land at their foreclosure, such person, on application of Whitehead to redeem, would be entitled to be repaid such sum as he paid with interest, and Garrity & Huey would be entitled to the balance due on the debt after subtracting the sum received by them from the proceeds of the former sale.

These sums would necessarily equal the entire sum due on the note transferred and secured by the lien.

That Garrity & Huey were the purchasers, and credited the amount of their bid on the debt, cannot alter the rule.

This is not like a case in which a mortgagee in possession may be held to account to the mortgagor for the rents and profits; for, as before said, under the sale to Fisher, he was entitled to occupy without such liability, and if Garrity & Huey had not acquired by their purchase more than the right which Fisher had, then they would stand as did he.

From which it would necessarily follow that Garrity & Huey would be entitled to occupy the land, without liability for rents, until such time as Whitehead or his representatives might acquire the right to the possession of the land by purchase under foreclosure, after having redeemed from the foreclosure made by Garrity & Huey.

Such right Garrity & Huey might sell even to Fisher, and not be liable to account to Whitehead's estate for the sum received on such sale.

It not appearing that there is anything in the judgment of which the appellant can complain, and no complaint being made by Garrity & Huey, although the judgment, in so far as they are concerned, may not be in all respects correct, it will be affirmed.

AFFIRMED.

[Opinion delivered November 20, 1885.]