## W. L. DOUGLASS v. E. A. BLOUNT ET AL.

Application No. 2602. Decided April 5, 1900.

**1. Supreme Court—Jurisdiction—Judgment Settling Case.**

Under the eighth exception to the general rule denying to the Supreme Court the power to grant writs of error in cases reversed and remanded (Revised Statutes, article 941), it is not sufficient that the applicant allege that the judgment practically settles the case; it must appear from the record and the opinion that such is the fact. (P. 501.)

**2. Same—Judgment Contingent on Adversary's Election.**

Where the ruling of the Court of Civil Appeals in reversing and remanding a judgment for the recovery of land gave appellee the right to recover upon a new trial by amending his pleadings and offering to pay appellant the amount paid for it by him at a sheriff's sale, the latter could not have writ of error on allegation that this judgment settled the case, since he could not show that his adversary would avail himself of the privilege. (P. 501.)

**3. Same—Introduction of Further Evidence.**

An applicant for writ of error can not show jurisdiction over a case reversed and remanded by alleging that it practically settles the case, though thereby he admits his inability to produce further evidence, where the judgment is such that the result may be altered by the introduction of further evidence by his adversary. (P. 501.)

**4. Same—Rendering Judgment—Defective Pleadings.**

The requirement that, where writ of error is granted because the ruling practically settles the case, the Supreme Court on approving the ruling shall render final judgment, forbids the exercise of this jurisdiction in a case where the pleadings have been held insufficient to warrant the proper judgment. (P. 501.)

**5. Vendor's Lien—Notes—Transfer—Priorities.**

Though in general there is no preference between assignees of several notes secured by the same vendor's lien (Salmon v. Downs, 55 Texas, 243; Wooters v. Hollingsworth, 58 Texas, 371), a different rule has been recognized as between the assignee of one and the original payee still retaining the others. Fisher v. Whitehead, 64 Texas, 638. (Pp. 501, 502.)

**6. Same—Conflict of Decisions—Jurisdiction.**

In view of the distinction recognized in Fisher v. Whitehead, 58 Texas, 371,—though the reason therefor is not perceived,—a judgment giving preference to the

vendor's lien securing a note assigned by the vendor over that of notes retained by him is not so in conflict with Salmon v. Downs, 55 Texas, 243, and Wooters v. Hollingsworth, 58 Texas, 371, as to give the Supreme Court jurisdiction on that ground. (Pp. 501, 502.)

**7.  Jurisdiction of Supreme Court—Conflict—Overruled Case.**

It is not ground for entertaining jurisdiction by the Supreme Court over a reversed and remanded case that the decision of the Court of Civil Appeals overrules a decision of the Supreme Court which the latter had itself already overruled.  (P. 502.)

APPLICATION for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from Liberty County.

*J. N. Votaw* and *J. D. Martin*, for applicant, W. L. Douglass.

GAINES, CHIEF JUSTICE.—This is an application for a writ of error to the Court of Civil Appeals to revise a judgment of that court which reversed the judgment of the trial court and remanded the cause. The first question which presents itself is, have we jurisdiction of the case?

The following is a brief statement of the facts and of the history of the suit. One Fortescue sold to Isaac N. Watson a tract of land, taking for the purchase money thereof three promissory notes executed by Watson, two for $881 each, due respectively one and two years after date, and one or $452, due three years after date. Fortescue transferred the note last described and it became the property of the Reliance Lumber Company. Suit was brought upon it by that company against the maker, and judgment was obtained against him with a decree foreclosing the lien on the land. The land was sold by virtue of an order of sale issued upon such decree, and the applicant, Douglass, became the purchaser. Fortescue subsequently brought suit against Watson in the State of Nebraska upon the two notes retained by him, but Watson set up in defence that he executed the notes as agent of one Cook and took the conveyance of the land in trust for Cook and defeated the suit. Fortescue then transferred the two notes to E. A. Blount, together with all his right, title, and interest in the land for which they were given. Blount then brought suit for a recovery of the land against Watson, Douglass, and others, who, he alleged, were claiming some interest in it; and praying in the alternative for a recovery upon the notes and a foreclosure of the lien. The suit resulted in a judgment in favor of Blount for an undivided interest of 1762 acres of the land, and for Douglass for an undivided interest of 452 acres; but providing that in case Douglass should within twenty days pay Blount the amount of the two notes held by him, the former should have title to the whole land. Douglass appealed and the judgment was reversed, the court ruling that Blount was entitled to pay off the amount paid by Douglass at the sheriff's sale and the balance of the judgment and to hold the land. The cause was accordingly remanded so as to enable him to amend his pleadings and to avail himself of that relief.

To show jurisdiction in this court, the applicant relies upon two

grounds. He avers, first, that the decision of the Court of Civil Appeals practically settles the case; and, secondly, that the opinion of that court overrules two decisions of this court.

As a general rule, we are without power to grant a writ of error in a reversed and remanded case (Revised Statutes, article 941); and the first question is, does the case come within the eighth exception of the article cited? That exception is as follows: "When the judgment of the Court of Civil Appeals, reversing a judgment, practically settles the case, and this fact is shown in the petition for writ of error, and the attorneys for petitioners shall state that the decision of the Court of Civil Appeals practically settles the case, in which case, if the Supreme Court affirms the decision of the Court of Civil Appeals, it shall also render final judgment accordingly." Under this exception, it is not sufficient that the applicant alleges that it practically settles the case, but it must appear from the record and the opinion that such is the fact. Under the decision, the appellee in the Court of Civil Appeals can recover the land upon a new trial by amending his pleadings and offering to pay the appellant the amount paid by him at the sheriff's sale, and to the holder of the judgment recovered by the Reliance Lumber Company, the balance due thereon. Do we know that he will do this? If not, how can we say that the case is practically settled? But again, the appellant has averred that the decision practically settles the case and this is tantamount to an averment that he can adduce no additional testimony to change the result of the suit; but the appellee, whose judgment has been reversed, has not applied for a writ of error and hence has made no such averment. Can we say that he may not adduce further evidence in support of his demand? And, again, the statute requires that in case we grant the writ and affirm the decision of the Court of Civil Appeals, we shall render final judgment in accordance with their opinion. This can not be done in this case for the reason that, according to their opinion, there are no pleadings upon which the proper judgment may be rendered. We conclude that the first ground relied on to give jurisdiction to this court is untenable.

In order to show jurisdiction over a remanded case on the ground of conflict of decision, the rule is that the applicant must point out the decision which he claims to have been overruled. The cases relied upon by applicant to show the conflict are Salmon v. Downs, 55 Texas, 243, and Wooters v. Hollingsworth, 58 Texas, 371. In both of these cases it was held, where a vendor had taken several notes for a tract of land, retaining a lien upon the land for their payment, and transferred them to different parties at different times, the first assignee, in the absence of an agreement to that effect, had no preference over the others. In these cases, all the notes had been assigned before any legal proceedings had been instituted. In the case before us, at the time the Reliance Lumber Company brought suit and obtained a decree of foreclosure upon its notes, Fortescue, the vendor, was still the holder of the other two notes. The cases are therefore distinguishable, and while it seems

to us that it is a distinction without a difference, yet it has been held that a different rule prevails where the contest is between the assignor or original lienholder, and an assignee, from that which obtains between two or more assignees. That there is a difference seems to have been recognized in this court, in the case of Whitehead v. Fisher; 64 Texas, 638. There it is said that as between the vendor holding an unpaid note secured by a vendor's lien and his assignee of another note, given at the same time and secured by a like lien upon the same land, that the latter is entitled to priority of payment. But in that case, there was an express agreement for such priority, so that the question was not involved. While we confess our inability to see how a mortgagee or other lienholder who has assigned one of two notes secured by a lien upon land, can, by assigning the other to a third party, make the position of his assignee better than his own, or how he can, by such assignment, destroy the preference of the first assignee, yet since such a distinction is recognized, we feel constrained to hold that there is such a difference between the cases of Salmon v. Downs and Wooters v. Hollingsworth on the one hand and the present case upon the other, that it can not be said that the decision of the Court of Civil Appeals in the latter overrules the decision of this court in the former cases. It is to be noted that the able jurist who wrote the opinion in the case of Whitehead v. Fisher was also a member of the court which decided the case of Wooters v. Hollingsworth. It is therefore evident that when he asserted that "it is well settled that, without any agreement to that effect, the assignee of one of the notes secured by mortgage is entitled to be paid out of the proceeds of the mortgaged property in preference to the mortgagee who retains one or more notes secured by the same mortgage," he did not think that he was overruling a former decision of the court. The reason is that in that case the contest was between the original lienholder and an assignee and in the former cases the contesting parties were all assignees. As we have before intimated,—in Whitehead v. Fisher there was an express agreement that the assignee should have priority, and hence the remark quoted was a mere dictum. Whether the proposition be correct or not, we are not called upon to determine. We merely refer to it for the purpose of indicating the ground upon which the court distinguished it from previous decisions of the court involving a similar question. But, again, if the case of Whitehead v. Fisher overruled Salmon v. Downs and Wooters v. Hollingsworth, we could not grant a writ of error on the ground of a conflict with the two cases last named. To give jurisdiction on the ground that the decision of the Court of Civil Appeals overrules a decision of this court, the decision claimed to be overruled must be one which has not been previously overruled by this court. Sullivan v. Insurance Co., 89 Texas, 665.

We are of the opinion that we are without jurisdiction, and therefore the writ of error is dismissed.

                                                        *Dismissed.*