### E. L. SOULE v. RICHARD RATCLIFF, ADMINISTRATOR.

Decided October 16, 1903.

**Judgment—Parties to Suit.**

    While it may not be necessary to make all the various holders of a series of vendor's lien notes parties to a foreclosure suit brought by the holder of one, yet it is the better practice to do so, and it is undoubtedly true that only those are affected by the judgment who are brought in. See this case in illustration.

Error from the District Court of Aransas. Tried below before Hon. E. R. Lane.

*W. H. Baldwin,* for plaintiff in error.

*Frederick Stevens,* for defendant in error.

GILL, ASSOCIATE JUSTICE.—This suit was brought by the defendant in error as administrator of the estate of Elsie Ratcliff, deceased, against E. L. Soule to recover upon certain vendor's lien notes and foreclose the lien. The defendant failing to answer, judgment by default was rendered against him and the cause is here upon writ of error.

The facts set up in the petition were in substance as follows: That defendant Soule in 1899 executed, for part of the purchase money of certain real estate bought by him, his three promissory vendor's lien notes, one for $250, due two years after date; one for $500, due three years after date, and one for $800, due four years after date, each bearing 6 per cent interest per annum and containing the 10 per cent collection clause. That the estate was the owner and holder of the $250 note, which with interest and collection fees he was entitled to recover. That it was also the owner of the $800 note not due at the date of the trial, but that a year's interest thereon was past due. Judgment was sought for the $250 note, interest and collection fee, and for the $48 interest, with foreclosure of the lien and sale of the property to satisfy same. It was averred, however, that the $500 note was outstanding and unpaid; that its owner and holder was unknown, and the court was asked to adjust the sale of the property and the disposition of the proceeds with reference thereto.

By the terms of the judgment as finally rendered the plaintiff recovered on the $250 note, principal, interest and attorney's fees, and interest to the date of the trial on the $800 note for which execution was awarded unless satisfied by the foreclosure of the lien. Both the $800 note and the $500 note were adjudged a charge against the property, which it was decreed to be sold as under execution. If it should bring enough to discharge the entire indebtedness plaintiff should receive a sum sufficient to satisfy his claims, and a sum sufficient to dis-

charge the $500 note should be held by the sheriff and paid to the owner of the $500 claim when he should be found.

If the property should not sell for sufficient to satisfy all the claims, it should be held and distributed pro rata as above provided.

The holder of the $500 note was not made a party to the suit, and plaintiff in error complains that it was error to render judgment against him in favor of an' unknown person who had asserted no claim against him and could not 'in any event be bound by this judgment. He asserts it to be an indefensible invasion of his rights to impound a part of the proceeds of the sale in the hands of the sheriff subject to the demand of some unknown and unidentified person, to be found and identified by the sheriff at some indefinite period of time.

Other objections are urged against the judgment, but as it must be reversed and the cause remanded upon the objections above stated, and as all the notes will be past due before another trial, we will notice only this feature of the judgment.

It seems to us the objections are fatal. While it may not be necessary to make all the various holders of a series of vendor's lien notes parties to a foreclosure suit brought by the holder of one, yet it is the better practice to do so, and it is undoubtedly true that only those are precluded who are brought in. Oriental Hotel Co. v. Griffiths, 88 Texas, 574; McDonough v. Cross, 40 Texas, 251; Wooters v. Hollingsworth, 58 Texas, 371; Glaze v. Watson, 55 Texas, 563; Delespine v. Campbell, 46 Texas, 628; Black v. Black, 62 Texas, 296.

It follows logically that if the unknown owner was not bound neither was the defendant.

There are other objections to this phase of the judgment which suggest themselves in this connection, notably the fact that the sheriff is clothed with the power to adjudge the ownership of the $500 note after the main cause is closed, but it is unnecessary to present other reasons for reversal. Doubtless upon another trial all parties may be before the court, and inasmuch as all the notes will then be due the adjustment of their respective rights will be a simply matter. The judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*