On April 8, 1920, W. Jasper Smith and wife, Arabella M. Smith, conveyed their certain 140 acres of land in Uvalde county to G. F. Grooms. The consideration for the conveyance was $2,800, $800 in cash and the balance in a series of four numbered vendor's lien notes for $500 each, payable in one, two, three, and four years, respectively.
On June 15, 1920, Jasper Smith, the vendor and payee, retaining note No. 4, sold and delivered to H. E. Rogers notes 1, 2, and 3 of said series, together with the lien securing them. This sale was evidenced by written transfer, to be hereinafter adverted to.
Afterwards Rogers, the assignee, brought suit to recover the amount of said notes 1, 2, and 3 and to foreclose the vendor's lien upon the land. In that suit Rogers impleaded only Grooms, the maker of the notes; he did not implead Smith, who as vendor and payee still held note 4 in said series. Upon the death of Rogers, original plaintiff in said suit, his widow, Mary Ann Rogers, was substituted as plaintiff in his stead, and prosecuted the suit to a final judgment, in which she recovered of Grooms the amount of the three notes, $1,974, together with a decree establishing and foreclosing the vendor's lien upon said land. Grooms only was expressly precluded in said judgment, which did not purport to affect the rights of Smith, the holder of note 4. Under this judgment the land was sold by the sheriff, on January 5, 1924, Mrs. Rogers becoming the purchaser at the price of $1,675, leaving a deficiency of $299 in the judgment in her favor against Grooms.
On February 28, 1925, Mary Ann Rogers sold the land in controversy to H. B. Clayton for a cash consideration of $1,700, and Clayton still owns the interest thus acquired in the property, subject to the outcome of this suit.
Afterwards Arabella M. Smith, widow of Jasper Smith, deceased, brought this suit against Grooms, the maker of the note, and Clayton, as legal owner of the land, and Mary Ann Rogers, to recover the amount of note 4 and foreclose the vendor's lien reserved in said note against said land. Upon a directed verdict therefor, Mrs. Smith was given a nonpersonal judgment against Grooms for the amount of her note and for foreclosure of her lien as against Grooms, Mrs. Rogers, and Clayton, and the latter was in turn given judgment upon his cross-action against Mrs. Rogers for $1,700, the amount he had paid her husband for said land. Mrs. Rogers and Clayton have jointly prosecuted writ of error.
In the judgment appealed from, the land was ordered sold and the proceeds therefrom applied, first, to the payment of the costs, second, to the payment of the judgment in favor of defendant in error, and third, the balance to Clayton, to be credited on his judgment over against Rogers.
Upon the trial, defendant in error asserted ownership of the note and lien in suit by virtue of her community interest therein as the surviving wife of Jasper Smith, the payee, and by transfer to her of their interest therein by the heirs of Jasper Smith. In her pleadings, however, she alleged simply that the note was executed, delivered, and made payable to Jasper Smith, her husband, since deceased, and that she "is now, and was at the time of the filing of the original petition * * * the sole and exclusive owner of said note." She did not allege any specific fact or process by which she became the owner of the note or lien, although from other allegations in addition to that of exclusive ownership it was clearly inferable that her claim of such ownership was grounded, at least in part, upon her community interest in the note and lien. There were no allegations from which it could be inferred that her claim of exclusive ownership was based in whole or in part upon a transfer from the heirs or devisees of her deceased husband, as was proven upon the trial to be the case. Plaintiffs in error excepted to the allegation of ownership as being insufficient because it "failed to allege how she acquired" such ownership; that the allegation excepted to was but a conclusion of the pleader. The court overruled this exception, and plaintiffs in error assign error thereon. It is obvious that the allegation was sufficient as against the general demurrer, but it is not clearly so as against a special exception, in view of the fact that the allegations upon the whole case opened, but left uncertain, several methods by which defendant in error might have acquired ownership. Under those allegations she might have acquired ownership by transfer from the payee, by devise, by survival of *Page 873 
her community interest, by transfer from possible legatees or heirs. It is clear that the better practice required more specific allegations in deference to the special exception, but it cannot easily be said that the omission of more particular pleadings constitutes, or does not constitute, material error in this case. After consideration, however, and because no apparent injury resulted to plaintiffs in error from this ruling, we have concluded to resolve the doubt in support of the right action of the trial court, and overrule plaintiffs in error's propositions 1, 2, and 11.
In her trial petition, defendant in error showed that the note in controversy was made payable to her husband, Jasper Smith, and, by inference, that such note, when made, became the property of the community estate of defendant in error and her said husband. It was further shown, by indirection, that Jasper Smith died prior to the filing of defendant in error's petition. There were no allegations in said petition, however, when Smith died, whether he died testate or intestate, or with or without issue, or whether his estate had been administered, or such administration was or was not necessary. Plaintiffs in error excepted to this petition, upon the grounds that it did not allege whether Smith's estate had been or was being administered upon, or whether he died testate or intestate. The trial court overruled this exception, and plaintiffs in error assert fundamental error on that ruling. That ruling becomes important in view of the evidence in the case. It was shown upon the trial that the note was an asset of the community; that Smith was dead, although the time of his death was not shown; that he died intestate, and was survived not only by his wife, but by several children as well; and that there had been no administration upon his estate. It was not shown whether there were debts against the estate at the time of the decedent's death. It was shown, however, that defendant in error claimed ownership of the note by the combined reasons of her community interest therein and purchase of decedent's estate therein from decedent's children and heirs. Under this state of facts, defendant in error, as survivor in community, had the right to institute and maintain suit to recover upon the note. If there was a closed or existing administration upon the estate of defendant in error's deceased husband, or necessity for such administration, it devolved upon plaintiffs in error to allege and prove these facts in order to question defendant in error's right to maintain the suit. Walker v. Abercrombie,61 Tex. 69; Western Union Tel. Co. v. Kerr, 4 Tex. Civ. App. 280,23 S.W. 564; Evans v. Evans (Tex.Civ.App.) 249 S.W. 1097. We overrule plaintiffs in error's contention of fundamental error.
It is insisted by plaintiffs in error that, by the express language of the transfer of notes 1, 2, and 3, from Smith to Rogers, the assignor thereby transferred the whole of the lien reserved to him as security for the purchase price of the land in controversy, so that the foreclosure of that lien at the suit of the assignee, to which the assignor was not a party, had the effect of cutting off the assignor from any right to participate in the proceeds of the foreclosure sale until the lien acquired by the assignee was fully satisfied. We overrule this contention. It is obvious from the whole text of the transfer that it had the effect only of assigning notes 1, 2, and 3, together with the rights and liens in so far only as they were reserved in the deed and notes to secure said three notes proportionately; that the assignor did not thereby expressly surrender the right to share in the security of that lien by reason of his retained ownership of note 4. If this transfer had the effect claimed by plaintiffs in error, such effect arose from the operation of law upon the instrument, and not from express recitals in that instrument, a question hereinafter considered.
Plaintiffs in error contend that defendant in error's right to foreclose the lien reserved to secure note 4, retained by Smith as the vendor in the deed conveying the land, was barred by the four-year statute of limitation. This contention is based upon the premise that, in transferring notes 1, 2, and 3 to Rogers, Jasper Smith, as the vendor in said deed and assignor of said notes, conveyed away the superior title and vendor's lien reserved to him in said deed and in note 4, retained by him and here sued on. No such premise exists in the case, however, and plaintiffs in error's contention, based thereon, must fail.
So it is contended by plaintiffs in error that they were entitled to recover upon the three-year statute of limitation, in that they had peacable, adverse, continuous possession of the property, under title and color of title, for more than three years next preceding the filing of this suit; that they went into such possession upon conveyance of the property to Rogers by the sheriff on January 2, 1924, and upon conveyance from Rogers to Clayton, on February 28, 1925, and this suit upon the note in controversy was not commenced until April 2, 1928. We overrule this contention. The three-year statute is not a defense against the holder of a registered vendor's lien note. Ater v. Knight (Tex.Civ.App.)218 S.W. 648.
Summarized, the facts are that Jasper Smith sold to one Grooms a tract of land, taking for part of the purchase money thereof four promissory notes for $500 each, executed by Grooms, and due 1, 2, 3, and 4 years after date. The vendor's lien was expressly reserved to secure these notes. Smith, retaining note 4, transferred notes 1, 2, and 3 to *Page 874 
H. E. Rogers, who brought suit against the maker and obtained judgment against him with a decree foreclosing the vendor's lien upon the land. The land was sold by virtue of an order of sale issued upon such decree, and Rogers, the holder of the three notes sued on, became the purchaser. Smith, the original vendor, and still the holder of note 4, was not made a party to that foreclosure suit. Afterwards Rogers, the purchaser of the land at the foreclosure sale, resold it to H. B. Clayton, for a cash consideration of $1,700. Smith, the holder of note 4, died, and his surviving wife brought the present suit against Grooms, as the maker of the notes in controversy, against Rogers, the purchaser at the foreclosure sale, and against his vendee, Clayton. The suit was to recover of Grooms the amount of note 4, and to foreclose the vendor's lien as against Grooms, Rogers, and Clayton. The latter sought by cross-action to recover of Rogers the amount he had paid the latter for the land, upon Rogers' warranty of title. Upon a directed verdict the plaintiff recovered judgment against Grooms for the amount of note 4, and for foreclosure of the vendor's lien against all the defendants. And Clayton recovered of Rogers the amount paid the latter for the land. The decree provided for order of sale of the land and that the proceeds be applied, first, to payment of the judgment, interest, and costs, the excess, if any, to be paid Clayton and credited upon his judgment against Rogers, and that execution issue against no one for any deficiency. No personal judgment was rendered against Grooms, who, cited by publication, made no appearance.
The question in this state, of the relative position of the vendor of land who assigns some and retains others of the vendor's lien notes taken by him in payment of the purchase money is enveloped in much confusion from the decisions upon that question. It is only by a close analysis of those decisions that the true rule may be ascertained. The question was first directly passed upon in the case of Salmon v. Downs, 55 Tex. 243, in an opinion by the then existing Commission of Appeals, which was afterwards expressly accorded all the authority of a direct decision of the Supreme Court. Douglass v. Blount, 93 Tex. 499. 56 S.W. 334. In the Downs Case it was held "that where several notes are given for the same land, having a lien upon it for their payment, and are assigned to different parties, all have equal rights to have satisfaction out of the land, and this without reference to the order in which they may have been assigned or which first matured." And the court added: "Nor do we think the case is different when the vendor himself may retain one of the notes. There is no presumption arising from the transfer of one or more of them that he intends to waive his right to share pro rata in the common fund for that which he has retained. Of course he may waive his privilege, but that he has done so shall be made to appear by the proof." Shortly afterwards, the Supreme Court, in an opinion by Chief Justice Willie, expressly approved the holding in the Downs Case. Wooters v. Hollingsworth, 58 Tex. 371. The question reappeared in Whitehead v. Fisher, 64 Tex. 638, in a clear and forceful opinion by Mr. Justice Stayton. In that case the vendor assigned one of two vendor's lien notes taken for the purchase price of land and, as in this case, retained the other, but entered into a parol stipulation that the note assigned "should be paid and settled fully before the second note retained by" the assignor. In that case Judge Stayton stated the rule to be as plaintiffs in error here contend, that "it is well settled that, without any agreement to that effect, the assignee of one of the notes secured by mortgage is entitled to be paid out of the proceeds of the mortgaged property in preference to the mortgagee who retains one or more notes secured by the same mortgage."
It is obvious that, if given the force of a direct decision, the holding quoted would have had the effect of overruling the decisions upon that point in Salmon v. Downs and Wooters v. Hollingsworth, although those decisions were not referred to in Judge Stayton's opinion. In fact it was so construed, and was followed by this court in its decision in the case of Douglass v. Blount, 22 Tex. Civ. App. 493, 55 S.W. 526, analogous to this case in all essentials bearing upon the question under consideration. Plaintiffs in error rely largely upon the decision of this court in that case. But that decision was nullified by the Supreme Court, which, in dismissing application for writ of error, distinguished the case from those of Salmon v. Downs and Wooters v. Hollingsworth, and stated the language of the Supreme Court in Whitehead v. Fisher, supra, hereinabove quoted, and upon which plaintiffs in error rely, was not necessary to the decision in that case, was therefore dictum, and not in conflict with the decision in Salmon v. Downs and Wooters v. Hollingsworth, which were thereupon approved. Douglass v. Blount,93 Tex. 499, 56 S.W. 334. This distinction was drawn from the controlling, fact that in the Whitehead Case the assignor expressly agreed that the assigned note and lien should have priority over the note and lien retained by the assignor. The result is that the Whitehead Case is not in point with this case. This court had reversed and remanded the judgment in Douglass v. Blount, 22 Tex. Civ. App. 493, 55 S.W. 526, and the Supreme Court dismissed the application for writ of error, as above shown. 93 Tex. 499, 56 S.W. 334. The case was afterwards tried and appealed to the Court of Civil Appeals of the First District *Page 875 
(62 S.W. 429), and upon writ of error was decided upon its merits by the Supreme Court in an elaborate opinion by Mr. Justice Brown. 95 Tex. 369,67 S.W. 484, 58 L.R.A. 699. In that decision the Supreme Court finally decided the point here in question, and held that, under a state of facts similar in essentials to the facts of this case, the assignment of a vendor's lien note by the vendor of land gave no priority of right over those retained by the assignor; that the holders of the several notes occupied the relation of equal lienholders under the same mortgage; that the note retained by the assignor was never subordinate in any way to the lien of the note foreclosed by the assignee of the first note, nor did the foreclosure and sale under the latter note in any manner impair the rights of the holder of the retained note, not a party thereto; that the latter had the same right to foreclose upon the land that existed before the foreclosure by the assignee of the first note, by which he may secure his proportionate part of the value of the land. The Supreme Court then rendered judgment in accordance with those holdings. It is true that Mr. Justice Williams filed a dissent from some of the holdings of the majority in the case last cited, Douglass v. Blount, but, except for that dissent, the decision of the majority does not appear to have been otherwise questioned, and has become the settled law upon the principal point raised in this case.
Plaintiffs in error, in support of their contention that defendant in error's lien was subordinate to that assigned plaintiffs in error, cite the cases of Whitehead v. Fisher, supra; Douglass v. Blount22 Tex. Civ. App. 493, 55 S.W. 526; Perry v. Dowdell, 38 Tex. Civ. App. 96,84 S.W. 833; Vieno v. Gibson (Tex.Civ.App.) 85 S.W. 432; Hamblen v. Folts, 70 Tex. 132, 7 S.W. 834; Cassiday v. Frankland, 1 Posey, Unrep. Cas. 538; New England Loan Trust Co. v. Willis,19 Tex. Civ. App. 128, 47 S.W. 389; and Blum v. Rogers, 71 Tex. 676,9 S.W. 595. We have already shown that the holding relied upon by plaintiffs in error in Whitehead v. Fisher was nullified by a distinction drawn by the Supreme Court in Douglass v. Blount, 93 Tex. 499, 56 S.W. 334; Id., 95 Tex. 369, 67 S.W. 484, 58 L.R.A. 699, and the decision of this court in Douglass v. Blount, 22 Tex. Civ. App. 493, 55 S.W. 526, was upon another appeal overruled by the Supreme Court upon the very holding relied upon by plaintiffs in error. In the case of Perry v. Dowdell, cited by plaintiffs in error, which appears to have been affirmed in a later decision by the Supreme Court (Anderson v. Perry, 98 Tex. 493,85 S.W. 1138), the decision was controlled by a stipulation in which the assignor of a note guaranteed its payment, and is therefore inapplicable here. The case of Vieno v. Gibson, cited by plaintiffs in error as being reported in 85 S.W. 432, does not appear in that report. A case of the same style by the Court of Civil Appeals of the First District is reported in 20 S.W. 717, and by the Supreme Court in 85 Tex. 432,21 S.W. 1028. In that case it is held simply that, where the holder of two vendor's lien notes forecloses upon one, he is cut off from the lien reserved in the second, rendering the decision inapplicable here. In Hamblen v. Folts, cited by plaintiffs in error, the question here involved is not decided or discussed, and the same may be said of Cassiday v. Frankland, also cited by plaintiffs in error. In the case of Loan Trust Co. v. Willis, cited by plaintiffs in error from19 Tex. Civ. App. 128, also reported in 47 S.W. 389, the assignor expressly transferred all his interest in the lane, which fact renders the decision inapplicable here. The remaining case cited by plaintiffs in error, Blum v. Rogers, has no bearing upon the question here involved.
We therefore hold, in accordance with the decision in Douglass v. Blount, 95 Tex. 369, 67 S.W. 484, 58 L.R.A. 699, as digested in the syllabus of that case, that "the right of the holder of the remaining notes, after foreclosure upon one which he assigned was had without making him a party, the lien of all the notes being equal proportionately, is to foreclose and sell, if not barred by limitation, dividing the net proceeds between himself and the purchaser at the first foreclosure, in the ratio of the amount of his notes to that of the one foreclosed by the first sale."
The trial court correctly upheld, but did not accurately apply, the principle thus declared by the Supreme Court. For, in decreeing that the note sued on by defendant in error be first fully paid out of the proceeds of the sale of the land before allowing plaintiffs in error to participate in those proceeds, the trial court affectuated a preference in favor of the holder of the notes retained over those assigned by him, whereas, under the true rule as announced by the Supreme Court, both the retained and assigned notes, with the lien reserved to secure them, were of equal force, and the proceeds of the sale should be applied to their payment, apportioned ratably. As it is undisputed that the principal of the note retained by defendant in error was for $500 and the principal of the notes assigned by him was for $1,500, and as foreclosure was decreed by the court below, it is proper for this court to render judgment upon those premises. Accordingly, the judgment of the court below will be here reformed, and it is ordered that the proceeds from such sale of the land be applied as follows: First, to the payment of the costs of suit, including the costs of the sale of the land and of collecting the money; second, the balance shall be divided between defendant in error and plaintiff in error Clayton in the ratio of 500 and 1,500, respectively; third, that the amount so apportioned to said Clayton shall be *Page 876 
credited upon his judgment against plaintiff in error Rogers up to the amount of said judgment, said Clayton retaining the balance, if any. In all other respects the judgment will be affirmed, with the costs of this appeal taxed against defendant in error.
Reformed and affirmed.